## ARNOLD, ESTES & COMPANY vs. HENRY COUNTY.

When the building of a bridge is let out by the county, and it is built by a contractor, from whom the proper county authorities fail or neglect to take a bond of sufficient guaranty, and any person is damaged by reason of any defect in the bridge, he can bring his action either against the contractor or against the county. It is not necessary that he should sue the contractor to insolvency before he can sue the county.

January 9, 1889.

Actions. County matters. Bridges. Bonds. Dam-

ages. Before Hon. A. M. SPEER, judge *pro hac vice.* Henry superior court. April term, 1888.

Reported in the decision.

E. J. REAGAN, G. W. BRYAN and JOHN I. HALL, for plaintiffs.

E. WOMACK and W. T. DICKEN, for defendant.

SIMMONS, Justice.

Arnold, Estes & Co. sued the county of Henry for damages, alleging, in substance, that a horse and mule belonging to them had been drowned, and a certain wagon, also belonging to them, had been injured, while crossing a public bridge in said county, by reason of certain defects in the bridge, fully set out in the declaration. They also alleged that the building of the bridge had been let out to a contractor, who built the bridge under the contract, and that the county had neglected to take a bond from said contractor. They alleged that, by the death of the animals and the injury to the wagon and harness, they had been damaged to the amount of $500; and that they had made a demand on the county within twelve months.

The defendant demurred to this declaration, on the ground that it could not be sued until after the contractor had been sued to insolvency. The trial judge sustained the demurrer upon the ground that the county was secondarily liable only, and that the contractor should first be sued to insolvency before the action would lie against the county; and to this ruling and decision the plaintiffs excepted, and brought the case here for review.

We think the court below erred in sustaining the

demurrer and dismissing the case, under the facts alleged in this declaration. Code, §671, requires that "when a public bridge . . . . . . . . . is let out, the contractor must, in his bond, make a condition also to keep it in good repair for at least seven years, and as many more years as the contract may be for." Section 690 declares "any proprietor of any bridge . . . . . . . whether by charter or prescription, or without, or whether by right of owning the lands on the stream," bound to prompt and faithful attention to all his duties as such; "and if any damage shall occur by reason of non-attendance, neglect, carelessness or bad conduct, he is bound for all damages, even if over and beyond the amount of any bond that may be given." Section 691 applies the preceding section "to all contractors for the establishment of such, when damages accrue from a want of good faith in performing their several contracts, and if no bond or sufficient guaranty has been taken by the ordinary, the county is also liable for the damages." In this declaration, as has been seen, it was alleged that the bridge was let out to be built by a contractor, and that the county neglected to take a bond from him. The last quoted section (§691) declares that if no bond or sufficient guaranty is taken by the ordinary, the county is also liable for damages; and the preceding section (§690) declares that if any damage shall accrue by reason of non-attendance, neglect, carelessness or bad conduct of the proprietor, he shall be liable for all damages; and this rule is made applicable, by section 691, to all contractors and to the county when no bond is taken from the contractor. When, therefore, a bridge is let out by the county and built by a contractor, and the proper county authorities fail or neglect to take a bond or sufficient guaranty from said contractor, and any person is damaged by reason of any defect in said bridge, he can

bring his action, either against the contractor or against the county. It is not necessary, in our opinion, that he should sue the contractor to insolvency before he can sue the county. The contractor is liable for said damage; and if the county neglects to take a bond, the statute says it shall also be liable. The county is made liable for the neglect of its officers, or the omission of a legal duty imposed upon them by law, to wit, the failure to take a bond from the contractor. The contractor is liable whether he gives a bond or not, and the county is only liable when it fails to take a bond from the contractor. "In order, therefore, to make out a case for recovery against the county, after proving the injury or damage it will be necessary to show (1) that it was an injury for which the contractor was liable; and (2) that the county authorities had failed to take from the contractor the bond and security which it ought to have taken. These two facts will fix liability upon the county, and nothing else will." And this is what we decided in the case of *The County of Monroe vs. Flynt,* 80 *Ga.* 489. In that case we ruled, as we do here, that the contractor was liable, and if the county authorities failed to take a bond the county also was liable. The person damaged can sue the contractor, or can sue the county, if no bond has been taken from him, without suing the contractor in the first instance. In the case of *Monroe vs. Flynt, supra,* we decided that the county was not liable, because seven years had expired, and the plaintiff did not show that the contract made with the county by the contractor was for a longer time than seven years.

Judgment reversed.