### 2512.   TRAMMELL v. COLUMBUS RAILROAD CO.

RUSSELL, J.   1. The court erred in dismissing the plaintiff's petition.

2. A corporation which, in the conduct of its business, employs a wire charged with a dangerous current of electricity, liable, if it should come in contact with the wires of another corporation, to cause injury to employees of the latter while engaged in the performance of their duties, owes to such employees not only the duty of observing ordinary diligence to prevent such contact, but also the duty of inspection for the purpose of discovering and discontinuing such contact.

3. An electric-light company, engaged in conveying electricity by overhead wires over the streets of a city, is under the duty of keeping its wires so insulated as at all times to prevent, or at least to guard against, the effect of objects coming in contact with them, regardless of the cause which brings about the contact. An electric-light company which is negligent in not having its wires properly insulated can not, if injury results therefrom, relieve itself from the consequences of its own fault by showing that a telephone company has also been negligent in failing to take sufficient precautions to guard against possible contact of the wires of the two companies.

4. An employee of a telephone company, who, while engaged in the performance of his duties, is injured by an electric current set in motion by contact of wires of the telephone company with wires of another corporation, is not, as related to the latter corporation, a trespasser; and the degree of diligence due by the latter corporation to the employees of the telephone company is the same as extends to all other persons lawfully using the streets—that of ordinary diligence.

5. "In an action founded on negligence, mere general averments of negligence are sufficient as against a general demurrer." *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974). In the petition in the present case the acts of negligence are set out with sufficient clearness.

6. "The question of what is ordinary care and what is negligence is one exclusively for the jury, and the court should not take this question from their consideration." *Killian* v. *A. & K. R. Co.*, 79 *Ga.* 236 (4 S. E. 165, 11 Am. St. R. 410). Whether the deceased in this case exercised ordinary care was a question exclusively for the jury.

7. Where a petition alleges that the person injured was at the time of the injury free from fault or negligence, and was in the exercise of due care and diligence, and there are no facts set out which disprove the statement, it is error to sustain a general demurrer. A special demurrer is required to "put its finger upon the very point" as to which the defendant seeks information, and as it can not, upon a general demurrer, be declared that the general statements made are untrue, neither can it, upon general demurrer, be adjudged that they are not sufficiently specific.

*Judgment reversed.*

DECIDED FEBRUARY 28, 1911.

Action for damages; from city court of Columbus—H. C. McCutchen, judge pro hac vice. February 24, 1910.

The action was for homicide caused by contact with an electric wire. It was dismissed on general demurrer. From the petition it appears, that the defendant, in its business of running street-cars and of lighting by electricity, had a line of wires on poles along the west side of a street in the city of Columbus, and that on the opposite side of the street a telephone company had a parallel line of poles and wires from which call wires extended into residences on each side of the street. One of these call wires extended across the street to a telephone in the residence of William Chambers, and was crossed, at a point about 25 feet above the surface of the street, by an electric-light feed wire of the defendant, which, at the time of the death in question, was in contact with the call wire, and for thirty days preceding had been in such close proximity to it that the two wires were liable to and did touch each other from slight disturbance caused by wind or rain. The petition alleged, that in the performance of the decedent's duty as an employee of the telephone company, in attempting to ascertain the cause of trouble in Chambers' telephone and to remedy the trouble, it became necessary for him to ascend the telephone company's pole which supported this call wire, for the purpose of testing the condition of the call wire, and that on ascending the pole and coming in contact with the call wire he received from it a charge of electricity, which instantly killed him. This charge of electricity was received by the call wire from the defendant's feed wire, which was heavily charged with electricity from the defendant's power-house, and the cause of its transmission to the call wire was that the wires were touching each other at the point where they crossed, and that the feed wire was not properly insulated at that point, and was not properly guarded. The distance from that point to where he was when killed was about 60 feet, and he could not see that these wires were in contact or that the feed wire was not properly insulated. It was alleged that he was entirely without fault or negligence, that the facts stated as to the condition of the wires were unknown to him, and that they were known to the defendant, or could have been known by the exercise of ordinary care. It was alleged that the defendant was negligent as follows: in placing its wire, so heavily and dangerously charged with electricity, in close proximity to the call wire of the telephone company; in maintaining it in such close proximity; in allowing it to come into contact with the call wire; in not sep-

arating the wires after they came in contact, before the decedent was killed, and in allowing them to remain in contact; in failing to insulate properly the feed wire where it crossed the call wire; in maintaining the feed wire in an uninsulated condition; in not having the feed wire properly guarded and secured so that it could not come in contact with the call wire; in not inspecting the feed wire at the point where it crossed the call wire; and in charging the feed wire, in its condition and at the time of the injury, with a deadly current of electricity. The petition contained allegations as to the dependence of the plaintiff on the decedent (her son) for support, and as to his age and earning capacity, etc.

*J. H. Martin, A. W. Cozart,* for plaintiff, cited: 97 *Ga.* 663; 15 Cyc. 472-3-4; 64 L. R. A. 101; 31 L. R. A. 570, 572, 577; 122 *Ga.* 695; 79 *Ga.* 234 (11); 126 *Ga.* 710; 128 *Ga.* 687 (4); 132 *Ga.* 127, 135; 124 *Ga.* 1050; 5 *Ga. App.* 788 (2, a, b, c.)

*W. A. Little, Frank U. Garrard, W. Cecil Neill,* contra, cited: 97 *Ga.* 663; 57 N. Y. 453; 117 Iowa, 451; 31 C. C. A. 499; 64 Fed. 287; 61 Ark. 381; 31 L. R. A. 566; 1 Joyce, Elec. L. § 438 (B); Civil Code of 1895, § § 3912-13; 54 *Ga.* 84; 66 *Ga.* 71; 73 *Ga.* 746; 86 *Ga.* 177; 103 *Ga.* 847; 106 *Ga.* 786.