### 2961.    MAYOR AND COUNCIL OF CORDELE *v.* JETER.

1. The evidence authorizes the verdict.
2. In a suit against a city by a traveler injured by a defect in one of the public streets, it was not error for the court to instruct the jury as follows: "I charge you, gentlemen of the jury, that ordinary care or diligence upon the part of a person passing along a public street or sidewalk of a municipal corporation, and ordinary diligence upon the part of the municipal corporation in constructing, repairing, and maintaining its streets and sidewalks, do not imply a like degree of vigilance in foreseeing danger and guarding against it."

DECIDED JUNE 7, 1911.

Action for damages; from city court of Cordele—Judge Strozier. September 12, 1910.

*Walter F. Hall,* for plaintiff in error. *Crum & Jones,* contra.

POWELL, J. Only the proposition stated in the second headnote will be amplified. The instruction complained of is taken almost literally from the opinions of the Supreme Court in *Wilson* v. *Atlanta,* 63 *Ga.* 291, and *Idlett* v. *Atlanta,* 123 *Ga.* 821 (51 S. E. 709). While it is true, as contended by counsel for the plaintiff in error, that there are many expressions of the Supreme Court and of this court, appearing in the opinions, which it would not be proper for a trial judge to quote in his charge to the jury, still we think that the present instruction was not only abstractly correct, but was pertinent to the issues involved. It was proper for the court to tell the jury that the plaintiff (the user of the street) and the defendant (the city) were both held to the same degree of diligence, though not necessarily to the same quantum of diligence, and that this degree was ordinary care and diligence, but that less vigilance

(a thing going to the quantum, and not to the degree, of the diligence) might fulfill this legal standard so far as the one was concerned than would be required to fulfill it so far as the other was concerned. To state it somewhat differently, it was proper for the court to tell the jury that, while a traveler upon the highway must use ordinary care and diligence, still this duty upon him might not in all cases require him to be actively alert to see whether the city had left the highway in a dangerous condition, especially where the danger was not patent; but the duty of exercising this same degree of diligence might require the city to be actively alert to discover and remedy such a defect.

The charge as a whole was very fair, full, and lucid, and the evidence, though conflicting, fully authorizes the verdict; so there is no ground for interference by this court. *Judgment affirmed.*