McWHORTER v. DRAUGHN *et al.*

[98 So. 597. No. 23808.]

(Division A. Jan. 21, 1924.)

1. NEGLIGENCE.  *Contributory negligence merely diminishes damages.*

    If defendants were guilty of substantial negligence which proximately caused the injury, plaintiff may recover notwithstanding contributory negligence, the fact of contributory negligence going only to the diminishment of damages.

2. HIGHWAYS.  *Persons who stretched chain across road without warning to approaching automobile driver held negligent.*

    Persons who loaded logs on side of road by means of a chain extending across road so that when taut the chain was about six feet above the ground, and who gave automobile driver who approached chain no warning thereof, though the chain was dark in color, were negligent.

3. HIGHWAYS.  *Traveler not bound to discover chain stretched across road.*

    A traveler upon the highway is only charged with the duty of using reasonable care to prevent running into other vehicles and objects which are using the road in a reasonable and customary manner, and hence was not bound to discover a chain stretched across the road.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by B. C. McWhorter against Will Draughn and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*Currie & Smith,* for appellant.

The action of the lower court is erroneous because the plaintiff's injuries were due solely to the negligence of the defendants. Public highways are constructed for purposes of travel, and freedom of travel is not to be obstructed and rendered dangerous by obstructions which the fancy or convenience of private pursuits may suggest. The right of the public to travel freely and without obstruction upon the public highway is primary and paramount, and any person who conducts his private pursuits in such a manner as to obstruct the highways so as to render them dangerous to travellers assumes liability for the consequent injuries which naturally and directly result from such an act.

It is abundantly shown by the testimony that the plaintiff was travelling with reasonable care and all proper caution for his own safety. The plaintiff's testimony shows that he was watching to see whether any person from either side of the road would attempt to go upon the road. He certainly could not be required to presume that the defendants had blockaded the road with a log chain.

We submit that this testimony unmistakably shows that the plaintiff was exercising more than reasonable care and caution for his own safety, and that the defendants were highly negligent, and that the injuries resulted as a direct consequence of this negligence. If we are mistaken in this we respectfully submit that the facts should certainly have gone to the jury.

*Draughn & Waller* and *Stevens & Heidelberg,* for appellees.

The undisputed testimony shows that the plaintiff knew that these loading operations had been taking place at this point for a period of several months prior to the accident. The plaintiff had defective eyesight, being nearsighted, the defect being a congenital one, and as a result he had never been able to get any glasses that would materially improve his eyesight.

The testimony further shows that when the plaintiff turned the curve two hundred twenty yards above the point where the accident happened he looked down the road, and, seeing no obstruction he then looked to the left the way he was travelling, where he saw some men and teams, and continued on down the road, without ever looking at the road again, and without even seeing the truck or the chain across the road, until he got within a point about ten or twelve feet of the chain, when he heard someone "holler," and then looked for the first time and saw the chain across the road, although the undisputed testimony shows that it was across the road all the time. The chains that were stretched across the road temporarily in the manner aforesaid, were plain, open and obvious. Every possible effort was made to stop the plaintiff.

On this state of facts the court below very properly sustained a motion made by appellees for a peremptory instruction. This court has said in the case of *Ulmer* v. *Pistole,* that it is not alone sufficient for the driver of an automobile to believe that the way is clear, but that he must know it is clear.

Counsel for appellant, in briefing this case are proceeding upon the erroneous idea that any sort of obstruction of a public road, whether temporary or permanent; whether necessary, convenient, or otherwise, is an unlawful use of a public road, and, therefore, constitutes negligence *per se.* Every sort of use of a public road, of itself, necessarily creates an obstruction of some portion of the road itself.

We concede that the sovereign state has the power, if it sees fit, to so regulate the use of public roads as to prevent either the loading or unloading of any sort of vehicle on the road, but the state of Mississippi has not seen fit to pass such a law. An examination of section 4396 of the Mississippi Code of 1906, discloses that before the person who obstructs the road becomes liable under that statute the obstruction must remain for twenty-four hours. The public highways of this state are constructed and maintained in order not only that human beings might travel upon them, but also in order that the wheels of commerce might be kept in motion.

Counsel for appellant stress the point that on either side of the public road there were open spaces that might have been reached, and where these logs might have been loaded, and that, therefore, the use of the public road in the manner in which it was used on this occasion was not absolutely necessary. It matters not whether the use of the road was necessary or not. This same vain contention was made in the case of *Ryan* v. *Foster,* 137 Iowa, 737; 21 L. R. A. (N. S.) 969. An analogous case is *Maggie J. Cook, Administratrix,* v. *City of Danville,* L. R. A. 1915 A, page 1199.

In the case at bar, had the plaintiff looked he could, and would, have seen the chains in ample time to have avoided injury. Had he not been looking away from the road, as he testified he was, he could, and would, have seen the driver of the oxen who, according to the uncontradicted testimony, went out into the road and flagged the plaintiff down. *Costello* v. *State,* 35 L. R. A. 306, relied upon by the appellant, is wholly without application.

HOLDEN, J., delivered the opinion of the court.

This was an action by the appellant against the appellees for damages for personal injuries alleged to be due to the negligence of appellees in stretching a chain across a public road, into which appellant ran his car while travel-

ing thereon. At the conclusion of the testimony a per--emptory instruction in favor of appellees was granted by the lower court, from which action this appeal comes here.

Since the question for our determination is whether or not the lower court erred in granting the peremptory instruction against the plaintiff, we shall state the case as it appears from the testimony of the plaintiff, and from it decide whether the proof was sufficient to sustain the charge of negligence.

The case in short is this: There is a graveled public road running southeasterly out of Hattiesburg. At a point several miles out the appellees had felled logs on the side of the road to be hauled by them to their veneer plant at Hattiesburg. In loading these logs upon the truck on one side of the road, oxen were used on the other side to draw a chain attached to the logs pulling them up the skids onto the truck. When a log was being pulled upon the truck the chain extended across and obstructed the public road, and when pulled taut by the oxen the chain was about six feet above the ground.

One dark afternoon when the chain was thus stretched across the road the appellant approached in his Ford car, going south on the road and ran into the chain, damaging his car and injuring him personally. The chain was dark in color. There was no warning received by the appellant before he struck the chain, which he did not see until within ten or twelve feet of it. He was driving his car at a moderate rate of speed, and was using due care and caution at the time of the injury. He was not looking directly down the road, or he would have seen the chain; but he was looking on either side of the road at that point where he saw people on both sides of the road near the truck, and was using caution to prevent striking any one with his car that might suddenly step into the road.

The road was straight for more than two hundred yards before appellant reached the chain. He did' not know that a chain was stretched across the road, though

he knew that logs were loaded upon trucks from the ramps at that point. No one stepped into the road and warned appellant of the chain, nor was there any warning or notice to him which he heard or saw before he struck the chain. The chain was obvious enough to be seen by the appellant if he had been looking for it or toward it, but he was not looking toward it nor expecting to find it stretched across the road, but was looking to either side of the road at that point where people and vehicles were on both sides of the road.

Upon this testimony the lower court granted a peremptory instruction denying plaintiff the right of recovery. We think a mere statement of the case warrants the conclusion that the granting of the peremptory instruction was error. The fact that the stretched chain was obvious to the traveller would not relieve appellees of the negligence in stretching it across the road, because this fact could mean no more than that the appellant was guilty of contributory negligence in running into the chain, which would only go to a diminishment of damages.

It seems clear to us it was negligence for the appellees to obstruct the public highway by stretching a chain across it and thus making it unsafe for public travel.

This chain stretched across the road six feet from the ground is not a customary use of the road as would put the burden on the traveler to discover the obstruction and stop his car before striking it. A traveler upon the highway is only charged with the duty of using reasonable care to prevent running into other vehicles and objects which are using the road in a reasonable and customary manner. A dark chain stretched across the road on a dark afternoon, with no warning to approaching travellers is, in our judgment, negligence, and warrants a recovery of damages for injuries received by persons coming in contact with the chain while using the public road in a reasonable and proper manner.

It may be that the appellees had no lawful right at all to use the public highway in the unusual manner shown here, but we do not decide this question, because at all events the act complained of was negligence under the facts and circumstances of this case.

We note there is some testimony showing the appellant had a defective eyesight, and there is other evidence in the case which may show contributory negligence on his part, but the test as to whether a recovery can be had, is whether the appellees were guilty of any substantial negligence which proximately caused the injury.

The judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*