15483.   DAVIS *v.* SMILEY.

</div>

STEPHENS, J. 1. One who is engaged in construction work on a public highway and who is in control of the highway for the purpose of doing such work, and who, in furtherance of such work, erects a substantial barricade in the roadway for the purpose of closing the road to public travel, and who continues to have control over the barricade while it remains in the roadway, is under a duty to maintain the barricade with due care and diligence to avoid damage from its maintenance to any one traveling along the road. This is true irrespective of whether there is any liability on the part of the county employing him. See, in this connection, *Arnold* v. *Henry County*, 81 *Ga.* 730 (8 S. E. 606).

2. A petition in a suit against the person responsible for the maintenance of the barricade, which alleges that the petitioner was traveling along the road at night in the dark in an automobile, and that, by reason of there being no lights upon the barricade or other warning to him of its existence in the road, he came suddenly upon it, and by reason of such facts was, from necessity, in order to avoid hitting the barricade, forced to swerve the automobile from the road, and, as a result thereof, the automobile ran into an embankment by the side of the road, to his damage, etc., contains an allegation of the petitioner's ignorance of the existence of the barricade in the road, and contains allegations from which it can be inferred as a fact that the damage sustained by him was caused by the defendant's negligence.

3. Assuming that the petition, when properly construed, alleges negligent acts on the part of the petitioner, in the manner of the operation of the

automobile at the time and place alleged, it is not conclusive, as a matter of law, that such negligence, when taken in connection with the alleged negligence of the defendant, was the proximate cause of the petitioner's damage.

4. A failure of the petition, when alleging that the tort arose about 400 yards from Mallory Station, between it and Atlanta, on a public highway near the tracks of the "A., B. & A. Railroad," to allege that the tort occurred within the State of Georgia or within a county in the State is not such a defect as would render the petition subject to a general demurrer. See, in this connection, 13 Am. & Eng. Enc. Law, 1060 et seq.

5. The petition set out a cause of action and was not subject to the general demurrer or to any of the special grounds of demurrer interposed. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1925.

Action for damages; from Bibb superior court—Judge Malcolm D. Jones. February 9, 1924.

*C. L. Bartlett, Ellis & Glawson,* for plaintiff in error.

*E. Smythe Gambrell, Underwood, Pomeroy & Haas, Harris, Harris & Popper,* contra.