### 30432. DOBY *v.* W. L. FLORENCE CONSTRUCTION COMPANY *et al.*

D<small>ECIDED</small> S<small>EPTEMBER</small> 19, 1944.   R<small>EHEARING</small> <small>DENIED</small> D<small>ECEMBER</small> 19, 1944.

890

*Gordon M. Combs,* for plaintiff.

*Haas, Gardner, Lyons & Hurt, Blair & Carmichael, George D. Anderson,* for defendants.

MacIntyre, J. ■ Where a highway contractor undertakes to barricade a public road temporarily, for some proper purpose, he should give warning thereof. This rule applies when the contractor is making repairs or improvements, and such temporary obstruction (closing the public road to travel while repairs are under way) must be of a character, and maintained in such a way as to protect persons traveling along the public road in an ordinarily prudent manner from injury by collision with the barricade. *Davis* v. *Smiley,* 33 *Ga. App.* 508 (126 S. E. 904); *Holliday* v. *Athens,* 10 *Ga. App.* 709 (74 S. E. 67); *Simon* v.

*Atlanta,* 67 *Ga.* 618 (44 Am. R. 739). "A petition in a suit against the person responsible for the maintenance of the barricade, which alleges that the petitioner was traveling along the road at night in the dark in an automobile, and that, by reason of there being no light upon the barricade or other warning to him of its existence in the road, he came suddenly upon it, and by reason of such facts was, from necessity, in order to avoid hitting the barricade, forced to swerve the automobile from the road, and, as a result thereof, the automobile ran into an embankment by the side of the road, to his damage, etc., contains an allegation of the petitioner's ignorance of the existence of the barricade in the road, and contains allegations from which it can be inferred as a fact that the damage sustained by him was caused by the defendant's negligence." *Davis* v. *Smiley,* supra; Bennett *v.* Wheeler, 209 App. Div. 283 (204 N. Y. Supp. 695) ; Brengman *v.* King County, 107 Wash. 306 (181 Pac. 861).

We think that the petition in this case set forth acts of negligence by the defendants, in that it alleged that "during the time and times herein mentioned, and on said Marietta-Austell public road, the defendants, their agents and employees, had erected a sign on the south side of said public road about 600 feet east from the intersection of said new highway and said Marietta-Austell public road, reading as follows: 'Caution: Road under construction. W. L. Florence Const. Co.,' and that this said sign had been at said place for several weeks prior to the 23d of August, 1943 [the date of the injury], all during which time the Marietta-Austell public road had been kept open for the use of vehicular traffic by the public generally; that some time between ten o'clock a. m. and nine o'clock p. m. on the 23d day of August, 1943, the defendants, their agents and employees, erected and built an obstruction or barricade across the Marietta-Austell public road about one hundred yards west of the caution sign hereinbefore referred to, said barricade consisting of three small posts, to which were fastened boards or planks extending all the way across said road and about four feet from the level of said road;" and that the plaintiff was injured by the negligent act of the defendants in not sufficiently warning him by lights or otherwise, of its existence. There being no notice or warning (other than above indicated) of the barricade on a dark night, by lights or other-

wise, we think that the petition alleged an act of negligence on the part of the defendants. The question urged by the defendants in their demurrer is, did the facts, as set out in the petition, show that the plaintiff could have avoided the consequences of the defendants' negligence by the exercise of ordinary care? This being a matter of defense, the petition should not be dismissed on general demurrer on this ground, unless it affirmatively discloses facts from which such conclusions would be demanded. The petition is not demurrable if it fails to allege what acts were done by the plaintiff in the exercise of care. *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355, 365 (147 S. E. 119) ; *Salmon* v. *Rogers,* 40 *Ga. App.* 73, 77 (149 S. E. 52) ; *Central of Georgia Ry. Co.* v. *Heard,* 36 *Ga. App.* 332, 335 (136 S. E. 533).

The defendants contend that the petition alleged that the barricade was constructed by placing three posts—one in the center and one on each side of the road—with a board running horizontally across from one post to the other at a distance of four feet from the ground; that the plaintiff, driving along the said road at a speed of 25 to 30 miles per hour, did not see the barricade until he was within a few feet of it because of the darkness and the fact that the boards were four feet above the roadway with no warning lights; that "it is fair to assume from the facts set out in the petition, that either the plaintiff was going too fast or that the front lights on his car were not sufficiently strong to illuminate the barricade extending all the way across the road four feet above the level of the road; indeed, the plaintiff himself admits that the four-foot-high barricade was too high for his lights to illuminate the same until within a few feet from it. The front lights were evidently not in conformity with the Georgia law (Code, § 68-302), which requires that 'every motor vehicle using the highways at night shall be equipped with a lamp or lamps clearly visible for a distance of not less than 100 feet from the front and rear,' and throwing a light a reasonable distance in the direction in which such vehicle is proceeding. If the plaintiff's car had been equipped with such lights as required by law, the plaintiff would not have come upon the barricade suddenly, when within only a few feet thereof, nor does the petition show that the plaintiff made any effort to apply his brakes, or stop his car, or why he could not do so. There is not a single allegation in the

petition to indicate that the plaintiff could not have avoided the injury by the exercise of ordinary care. In addition, the petition fails to show any emergency requiring the plaintiff to travel a road under construction, or why he could not have used another road." The mere fact that the plaintiff alleges that he could not see the barricade because the barricade itself, from the character of its construction, size, and the arrangement of its surface presented to view, did not at night give any warning to the plaintiff, because of the absence of a warning light or other notice at or near the barricade, does not demand a finding that the plaintiff was not in the exercise of ordinary care at the time of the accident as thus contended by the defendant. *Williams* v. *Evans,* 50 *Ga. App.* 496 (178 S. E. 460) ; McWhorter *v.* Draughn, 134 Miss. 247 (98 So. 597). The petition sets forth acts of negligence which make a jury case as to the defendants' negligence. It was not necessary for the plaintiff to negative his own want of care, nor was it necessary for him to allege what acts were done by him in the exercise of care. This would be a matter of affirmative defense, and if the petition, having alleged such acts of negligence by the defendants does not affirmatively disclose facts which demand, not merely authorize, a conclusion that the plaintiff, by the exercise of ordinary care, could have avoided the negligence of the defendant, a general demurrer should not have been sustained.

In Baldwin *v.* Norwalk, 96 Conn. 1, 6 (112 Atl. 660), it is said : "It is common knowledge that substantial objects because of their composition or coloring, and the coloring of the surface or object upon which they rest, are visible in greatly varying degrees when artificial light is thrown upon them. They are not necessarily clearly visible." The defendant in his petition states that he did not see the barricade because he was traveling at night; that it was dark, and there were no lights at or near the barricade warning him of its existence, and that the sign which was placed on the side of the road, 300 feet from the barricade in the direction that he was approaching, did not give ample and timely warning. The barricade itself, under some circumstances, might in law be a sufficient warning to travelers, and if all the existing physical facts were sufficient to give notice, the failure to give cumulative notice or notices would not aid the plaintiff's case. However, if the barricade itself or the physical facts do not give ample and

timely warning, other notices or warnings should, of course, be given. We do not think that it can be said here, as a matter of law, that the barricade itself (which was unlighted on a dark night), or the physical facts, or the above-mentioned notice, which was placed on the side of the road, was as a matter of law an ample and timely warning to a traveler on a dark night. We think that this was a question for the jury.

The plaintiff would not be entitled to recover unless the defendants were negligent, and their negligence was the proximate cause of the injury and damage. Ordinarily, what is negligence, contributory negligence, proximate cause, etc., are questions of fact for the determination of the jury, and it is only in plain and unmistakable cases that the court will undertake, as a matter of law, to solve such questions. It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for determination by the jury. "It is well settled that an automobile driver, who by the negligence of another and not by his own negligence is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. . . Nor, if he so acts under these circumstances, is he guilty of *contributory negligence*." *Cone* v. *Davis*, 66 *Ga. App.* 229, 232 (17 S. E. 2d, 849). The petition alleges that when the defendant first saw the barricade or obstruction across the public road, directly in front of him, he undertook to avoid running into it and ran directly into a telephone pole, whereby his car was wrecked and he was injured; that the telephone pole was about two to three feet from the north end of said barricade or obstruction and about even with said obstruction, and the distance between the end of said obstruction and said pole was not sufficient to allow him to drive between said barricade and said telephone pole; that the barricading and obstructing of said

road, and his approach to same, without notice of its presence, created an emergency, and that in the emergency he undertook to avoid injury to himself and the occupants of his car by trying to go around said barricade. Under these allegations of the petition, where the plaintiff at night suddenly came upon an unlighted barricade and sought to avoid the danger of colliding with it, and undertook, as alleged, to go around it, and struck a telephone pole within a few feet of it, it was for the jury to determine what time the plaintiff had for consideration as to what to do to avoid a collision, and what, under the circumstances, was reasonable prudence in that time. This court can not hold that the petition shows that the plaintiff exercised so little care as to require a ruling that as a matter of law his negligence equaled or exceeded the negligence of the defendants, or extended to such a degree as to bar recovery, or that in the exercise of ordinary care he could have avoided the injury; nor can we hold under the allegations of the petition that the plaintiff did not set forth a case of negligence on the part of the defendants. It follows that the judge erred in sustaining the general demurrer of the defendant W. L. Florence Construction Company, based on the ground that the plaintiff could have avoided injury to himself by the exercise of ordinary care.

■ As we construe the petition it alleged that the defendants, W. L. Florence Construction Company and Sam Finley Inc., were contractors and were engaged in building a highway, and that they and their agents and employees, erected and built the obstruction or barricade in question which caused the injury to the plaintiff. The plaintiff brought his suit against W. L. Florence Construction Company, a corporation, and Sam Finley Inc., also a corporation, as defendants, and alleged in part as follows: "That the defendant W. L. Florence Construction Company is a contractor, and as such had a contract to build and construct a road or highway through a part of Cobb County, Georgia, and which road crosses what is known as the Marietta-Austell public road at a point in Cobb County about four miles southwest of Marietta, Georgia. The contract of the said W. L. Florence Construction Company was to build said road or highway complete; that the said W. L. Florence Construction Company contracted with the said defendant Sam Finley Inc. to do a part of the work on said highway, but

that all of the work was under the direction and supervision of the said defendant W. L. Florence Construction Company, and they were responsible for the final results in building said road." Paragraph 18 alleges in part that "he was employed by said W. L. Florence Construction Company."

The defendant Sam Finley Inc. filed a general demurrer to the petition on the ground that "the W. L. Florence Construction Company was the *master* on the project referred to in the petition; and both the agents and employees of the W. L. Florence Construction Company and the agents of Sam Finley Inc., and its employees, were under the direction and supervision of W. L. Florence Construction Company, and each servant and employee was a fellow servant of each and every other agent and employee." The fact that the work was to be done by the subcontractor under the direction and supervision of the principal contractor, does not, under the allegations of the petition, make the servant of the contractor and the servants of the subcontractor coservants. "The fact that they are co-operating in respect to the same piece of work does not create the relation of coservant service, either as between the servants of a principal employer and a contractor, or as between the servants of a contractor in chief and a subcontractor, or as between the servants of two contractors. In any case, therefore, in which the evidence merely establishes this fact, the defense of common employment will not be available as a bar to an action in which a servant belonging to one of the correlative classes here enumerated is seeking to recover from the employer of a servant belonging to the other class, damages for an injury caused by the negligence of the latter servant." 1 Labatt's Master & Servant, p. 117, § 39. The general rule is that the servant of a contractor in chief and the servants of the subcontractor are not coservants. The allegation in the petition, that while W. L. Florence Construction Company employed Sam Finley Inc. to do a part of the work, "all of the work was under the direction and supervision of the said defendant W. L. Florence Construction Company, and that the plaintiff was an employee of the W. L. Florence Construction Company, does not take the case out of the general rule." The mere fact that the W. L. Florence Construction Company, the contractor in chief, and Sam Finley Inc., the subcontractor, are co-operating in respect to the same piece of work does not

create the relation of coservice. And even though the petition alleges that the plaintiff was employed by the contractor in chief, yet it further alleges, in effect, that the plaintiff was traveling entirely for his own purposes, and the right of the master to exact the performance of services was not merely dormant, but wholly suspended, and if this be true, both on principle and authority, the defense of common employment is not available to the master. 4 Labatt's Master & Servant (2d ed.), p. 4679; Hutchinson v. York, N. & B. R. Co. (1850) 5 Exch. 343.

The court did not err in overruling the "general demurrer" of the defendant Sam Finley Inc. on the ground that the servants of the contractor in chief and the servants of the subcontractor were coservants. *Butler* v. *Lewman,* 115 *Ga.* 752, 756 (42 S. E. 98); 27 Am. Jur. 483 (14-16); *Bentley* v. *Jones,* 48 *Ga. App.* 587, 594 (173 S. E. 737). The other ground urged by the defendant Sam Finley Inc., that the plaintiff, by the exercise of ordinary care, could have avoided the injury, is controlled by what has been said above, and is not meritorious. The judge erred in sustaining the general demurrer of that defendant.

*Judgment reversed.* *Broyles, C. J., and Gardner, J., concur.*