## AUGUSTA BROADCASTING CO. v. UNITED STATES.

### No. 12412.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1948.

James E. Jackson, Jr., of Atlanta, Ga., and William M. Lester, of Augusta, Ga., for appellant.

J. Saxton Daniel, U. S. Atty., and Green B. Everitt, and T. Reuben Burnside, Asst. U. S. Attys., all of Savannah, Ga., for appellee.

Before HUTCHESON, Chief Judge, and McCORD, and WALLER, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. The claim was that plaintiff's radio tower was damaged as a result of being negligently struck by a navy aircraft in charge of a navy pilot.[1] The defendant did not answer but instead filed a motion to dismiss[2] on two grounds: (1) that plaintiff

---

[1] By amendment, plaintiff alleged: "* * * the striking of said radio towers by said pilot was negligent but said negligent act, the manner or cause thereof, being wholly within the knowledge of the aforesaid pilot and not within the knowledge of plaintiff that plaintiff cannot set out the specific acts of negligence."

[2] Attached to the motion was a loan receipt reciting that Augusta Broadcasting Co. had received from National Union

had assigned its claim to the National Fire Insurance Company, and the act does not authorize maintenance of suits upon derivative claims; and (2) that the action is not prosecuted in the name of the real party in interest.

On the argument of the motion, defendant orally urged as an additional ground for dismissal that the allegations of negligence were mere conclusions of the pleader and that the petition failed to allege a prima facie case of evidence.

The district judge heard the motion and made the following order:

"It is the opinion of the Court that plaintiff's petition, as amended, fails to allege a prima facie case of negligence against defendant under the Federal Tort Claims Act and that the allegations of negligence therein contained are conclusions of the pleader unsupported by any allegation of fact. In this connection, see Atlanta, etc., R. Co. v. Gardner, 122 Ga. 82, 49 S.E. 818. See 'Exhibit A' attached and made a part hereof. Wherefore,

"It Is Considered, Ordered, and Adjudged that defendant's motion to dismiss be and the same is hereby sustained and that petitioner's complaint be and the same is hereby dismissed."

Appellant is here insisting that in dismissing the petition for want of sufficient allegations of negligence, the court's judgment went contrary to the Federal Rules of Civil Procedure and the decisions of the courts thereon.

In answer to the other grounds of the motion to dismiss, which, though the trial court made no ruling upon them, appellee urges upon us, as sustaining the judgment, appellant insists: (1) that plaintiff was the real party in interest, and the giving of the loan receipt had no effect upon its right to sue,[3] and (2) that if it should be considered that plaintiff was not the real party in interest but the suit was the suit of the insurance company, the subrogee, it was properly brought and could be maintained.[4]

We agree with the appellant that in dismissing the complaint as failing to state a claim under the Federal Tort Claims Act, the district judge construed it too narrowly. Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., plainly provides: (a) "A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief"; (e) "Each averment * * * shall be simple, concise, and direct. No technical forms of pleading or motions are required"; and (f) "All pleadings shall be so construed as to do substantial justice". It is clear under this rule that to state a cause of action for negligence, detailed pleading is not required. It is sufficient against a motion to dismiss to allege that defendant acted negligently and as a result plaintiff was injured. The complaint, in substantial compliance with the rule, was good against the motion to dismiss.[5]

On the other matters urged by appellee as sustaining the judgment, we agree with appellant that the giving of the loan receipt did not affect its right to sue, and that it is the real party in interest. This being so, the question argued as to the right of a subrogee to sue under the Tort Claims Act is not before us for decision. The judgment dismissing the suit was wrongly entered. It is reversed and the cause remanded for further and not inconsistent proceedings.

Insurance Co. the sum of $3634.05 "as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person * * * causing or liable for the loss or damage to the property described below". This receipt described the radio tower, damage to which was the subject of the suit.

3 McCann v. Dixie Lake & Realty Co., 44 Ga.App. 700, 162 S.E. 869; Luckenbach v. W. J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522.

4 Hill v. U. S., D.C., 74 F.Supp. 129; Employers' Fire Ins. Co. et al. v. U. S. et al., 9 Cir., 167 F.2d 655; Old Colony Ins. Co. v. U. S., 6 Cir., 168 F.2d 931.

5 Atlanta K. & N. Railroad Co. v. Gardner, 122 Ga. 82, 49 S.E. 818; Trammell v. Columbus Railroad Co., 9 Ga.App. 98, 70 S.E. 892; Porter v. Karavas, 10 Cir., 157 F.2d 984; Guth v. Texas Co., 7 Cir., 155 F.2d 563.