### 33292. STATE CONSTRUCTION CO. *v.* JOHNSON.

DECIDED DECEMBER 1, 1950.

700

*Y. A. Henderson,* for plaintiff in error.

*R. F. Chance,* contra.

FELTON, J. The plaintiff in error contends that because it was constructing the bridge under contract with the State, it had governmental immunity to tort actions arising against it in connection with such construction. There is no such rule in Georgia. A contractor working on public highways and bridges of the State under contract with the State or a political sub-

division thereof is not immune to liability for injuries caused by its negligence in the prosecution of the work contracted for. *Davis* v. *Smiley*, 33 *Ga. App.* 508 (126 S. E. 904); *Arnold, Estes & Co.* v. *Henry County*, 81 *Ga.* 730 (8 S. E. 606); 43 Am. Jur. 825, § 82; 40 C. J. S. 288, § 252 (b). And the prevailing rule is against such immunity. 69 A. L. R., 492, III, a. A contractor constructing a road or bridge owes a duty to the public to exercise ordinary care to protect it from injuries arising by reason of such construction. *Davis* v. *Smiley*, supra; *Doby* v. *W. L. Florence Construction Co.*, 71 *Ga. App.* 888 (32 S. E. 2d, 527); 104 A. L. R. 956, I, a; 7 A. L. R. 1203, I; 43 Am. Jur. 827, § 82. A motorist upon the public highways of this State has a right to assume that the road ahead of him is clear. *Mathis* v. *Nelson*, 79 *Ga. App.* 639, 642 (54 S. E. 2d, 710). The plaintiff in error relies upon the case of *Warren County* v. *Battle*, 48 *Ga. App.* 240 (172 S. E. 673), to support its contention that failure to erect signs or other warnings informing travelers of the defective condition of a bridge cannot be accounted negligence. Such ruling relates to counties and not to private individuals or corporations. "Since a county is not liable to suit unless made so by statute . . and since the liability of a county for injuries caused by reason of a defective bridge upon a highway arises only under the statute which provides that a county shall be liable 'for all injuries caused by reason of any defective bridges' . . a county is liable to a person injured by reason of a defective bridge only when the county has failed to exercise ordinary care in performing this statutory duty to keep the bridge in repair, and not by reason of any negligent failure to post signs or other warnings informing travelers of the defective condition of the bridge. [citations]." *Wilkes County* v. *Tankersley*, 29 *Ga. App.* 624 (116 S. E. 212).

The petition alleged injuries due to a breach of a duty owed the plaintiff by the defendant to warn of the dangerous condition of the bridge, and stated a good cause of action.

The contention that the original petition did not contain enough to amend by is without merit.

The court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*