35989. McPHAIL, by Next Friend, *v.* ATLANTIC COAST LINE RAILROAD COMPANY *et al.*

Decided February 28, 1956—Rehearing denied March 13, 1956.

*John M. Robbins, H. T. O'Neal, Jr.*, for plaintiff in error.

*Whelchel & Whelchel, Moore, Gibson, DeLoache & Gardner*, contra.

QUILLIAN, J. ■ The plaintiff insists that the trial judge erred in disallowing the following amendment: "And said defendant was further grossly negligent in failing to see said train upon said track, and in failing to stop or turn said vehicle so as to avoid a collision with said train." The defendants objected to the amendment as a conclusion of the pleader without any facts alleged upon which to base the conclusion pleaded. The amendment stated a mere conclusion and the trial judge did not err in disallowing it.

■ The petition as amended alleged no act of negligence on the part of the defendants Guy L. Bynum and Robert L. Stripling except: "Defendant Stripling was guilty of gross negligence in failing to stop before attempting to cross said railroad track." This averment was attacked by general demurrer. The narrow question arises as to whether this meager allegation, at best but a conclusion of the pleader was sufficient as against a general

demurrer. The writer was satisfied after giving the matter consideration and in the light of authorities in reference to the general rules of pleadings, that it was not sufficient and that the trial court did not err in striking it. But in the final determination of the question that original conclusion appears to be incorrect. This is true, for although a general allegation of negligence is but a conclusion of the pleader and will be stricken when attacked by special demurrer (*Martin* v. *Greer*, 31 *Ga. App.* 625, 121 S. E. 688), the rule seemingly is equally as well established that such an allegation of negligence as against a general demurrer is sufficient. *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (2) (50 S. E. 974); *Eubanks* v. *Akridge*, 91 *Ga. App.* 243, 245 (85 S. E. 2d 502); *Trammell* v. *Columbus Railroad Co.*, 9 *Ga. App.* 98 (5) (70 S. E. 892). The petition set forth a cause of action against these defendants and the trial judge erred in sustaining the general demurrers.

■ The petition alleged that the defendant railroad was negligent in not blowing its whistle as prescribed by Code § 94-506; that the engineer failed to keep and maintain a constant and vigilant lookout as he approached the crossing; that the train did not give the driver of the plaintiff's truck adequate warning, or any warning, of impending danger.

The defendant railroad insists the trial judge was correct in sustaining the general demurrer, because the failure to blow the whistle as required by Code § 94-506 can not be considered as the proximate cause of a collision with a person who is on or near the tracks when the person is aware of the train's approach. While this is true, general demurrers have been sustained only in those cases where from the pleading it is clear that the person on or near the tracks had knowledge of the train's approach, which was not shown by the pleading in this case.

"When those in charge of a railway train neglect to comply with the statutory precautions in approaching a highway, and a person on the crossing is struck and injured, the only defenses open to the company are that the injury was done by the consent of the person injured; or that by the observance of ordinary care he could have avoided the injury; or, in mitigation of damages, that his negligence contributed to it. *Bryson* v. *Southern Ry. Co.*, 3 *Ga. App.* 407, 408 (59 S. E. 1124); *Harden* v. *Ga. R. Co.*,

3 *Ga. App.* 344 (59 S. E. 1122)." *Reed v. Southern Ry. Co.*, 37 *Ga. App.* 550 (140 S. E. 921).

The petition did not, as contended, show that the collision proximately resulted solely from the host defendant's negligence, so as to relieve the railroad company of liability for its alleged negligence.

The trial judge erred in sustaining the general demurrer and dismissing the petition as to the defendant railroad.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*