36914. BROWN *v.* ATLANTA GAS LIGHT COMPANY.

Decided December 16, 1957.

772

*Claud M. Hicks, J. Douglas Henderson,* for plaintiff in error.
*Reed & Ingram, R. M. Reed,* contra.

QUILLIAN, J. 1. The defendant insists that the deceased could have avoided the obstruction if he had exercised ordinary prudence for his own safety. On the first appearance of the case at bar this court pointed out several deficiencies in the petition, upon which it based the ruling that the general demurrer should have been sustained.

The first of these deficiencies was that the contrary not being pleaded, it was presumed that there was ordinary visibility along the street at the time of the occurrence which resulted in the death of the deceased, and no reason was alleged why the deceased could not see the condition of the street for a distance of 400 feet.

Before the remittitur reached the trial court the plaintiff amended the petition. The amendment undertook to excuse the deceased's failure to exercise ordinary care in failing to avoid the defendant's negligence by stopping the dumptruck he was driving before colliding with the pile of dirt which the defendant had left upon the street.

The amendment satisfactorily explained the deceased's failure to observe the lose dirt scattered over the pavement and the dirt negligently piled upon the pavement.

But the averment revealed that after being blinded and his vision of the way ahead obscured by the sun shining in his eyes, the deceased continued to drive at the rate of twenty-five miles per hour, the distance of three hundred feet, until his dumptruck struck the loose dirt which caused the truck to skid and be precipitated one hundred feet and against the dirt which the defendant had negligently piled upon the pavement.

The plaintiff earnestly argues that the averment that the deceased was blinded by the sun was qualified by the allegation that his vision was thus obscured, to mean only that his view of the way ahead was only partly shut off or obscured. If it could be conceded that the word obscure meant that the de-

ceased's vision was impaired, and not completely shut off, there would then be a conflict between the allegations that the deceased was blinded and the averment that his vision was obscured.

A well established rule is: "Where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader. Accordingly, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, under the rule that the pleadings must be construed most strongly against the pleader." *Overton* v. *Alford*, 210 *Ga.* 780, 782 (82 S. E. 2d 836); *Wynndam Court Apartment Co.* v. *First Federal Savings &c. Assn.*, 204 *Ga.* 501 (50 S. E. 2d 611); *Robertson* v. *Nat Kaiser Investment Co.*, 82 *Ga. App.* 416, 419 (61 S. E. 2d 298).

The petition, construed as it must be on demurrer most strongly against the plaintiff (*Jenkins* v. *Dunlop Tire &c. Corp.*, 71 *Ga. App.* 255 (3), 30 S. E. 2d 498), must be held to allege that, on rounding the corner, the deceased could not see the way ahead yet made no effort to bring his dumptruck to a stop in order to avoid obstacles that might be on the street. We recognize that a driver, however prudent he may be, must have time enough after being suddenly blinded to realize the situation with which he is confronted before he can be expected to stop his vehicle.

Under the holdings in *Burd* v. *City of Atlanta*, 52 *Ga. App.* 681, 683 (184 S. E. 412), *Stephens* v. *Tatum*, 92 *Ga. App.* 256 (88 S. E. 2d 456) and *Branan* v. *May*, 17 *Ga.* 136, we are constrained to hold that the petition affirmatively revealed that the deceased failed to exercise ordinary care to avoid the consequence of the defendant's negligence after the same could have been discovered by the exercise of ordinary care upon his part.

The factual situation presented by the pleadings in this case is not to be confused with those in which a driver by a sudden emergency is prevented from seeing an obstacle the defendant has placed in the street (*Lundy* v. *City Council of Augusta*, 51 *Ga. App.* 655, 181 S. E. 237) or is prevented from observing an obstacle by optical illusion (*Pittman* v. *Staples*, 95 *Ga. App.* 187, 97 S. E. 2d 630), or fails to perceive it because his attention is diverted in response to a human impulse, such as might

attract the attention of a prudent person similarly situated. *Glover* v. *City Council of Augusta*, 83 *Ga. App.* 314 (63 S. E. 2d 422).

2. The defendant insists that it was not liable because, under the ordinance granting the franchise to the defendant, it had a legal right to pile the dirt in the street and therefore this act could not constitute negligence on its part. It is true that the defendant had a right to occupy the streets and to install any apparatus necessary to conduct its business, but the mere right to pile dirt on the streets did not relieve it from liability for its negligence in so doing. *Georgia Ry. &c. Co.* v. *Tompkins*, 138 *Ga.* 596, 598 (75 S. E. 664) ; *Trammell* v. *Matthews*, 84 *Ga. App.* 332, 337 (66 S. E. 2d 183).

It is clear that the city did not intend to relieve the defendant of liability because the ordinance granting the franchise provided in part: "Said grantee shall save and keep harmless the city from any and all liability by reason of damage or injury to any person or persons whatsoever, on account of negligence of the grantee in the installation and maintenance of its mains and pipe lines along said streets, alleys and public ways, provided the grantee shall have been notified in writing of any claim against the city on account thereof and shall have been given ample opportunity to defend the same."

Some of the allegations of negligence in the petition were that: the defendant threw dirt over almost the entire surface of the street without concentrating it in one pile; in failing to place any barriers, barricades, torches, red flags or other warning devices of any kind around the dirt or ditch. "A contractor constructing a road or bridge owes a duty to the public to exercise ordinary care to protect it from injuries arising by reason of such construction. *Davis* v. *Smiley*, supra [33 *Ga. App.* 508, 126 S. E. 904] ; *Doby* v. *W. L. Florence Construction Co.*, 71 *Ga. App.* 888 (32 S. E. 2d 527) ; 104 A. L. R. 956, I, a; 7 A. L. R. 1203, I; 43 Am. Jur. 827, § 82. A motorist upon the public highways of this State has a right to assume that the road ahead of him is clear. *Mathis* v. *Nelson*, 79 *Ga. App.* 639, 642 (54 S. E. 2d 710)." *State Construction Co.* v. *Johnson*, 82 *Ga. App.* 698, 701 (62 S. E. 2d 413).

3. The petition sufficiently alleged the negligence of the de-

778

fendant, but set forth no cause of action because it affirmatively revealed that the deceased did not exercise ordinary care to avoid such negligence after the same could have been discovered by the exercise of ordinary care on his part.

It is held in *Mayor &c. of Cordele* v. *Jeter*, 9 *Ga. App.* 348 (71 S. E. 589) that the defendant's negligence, the consequence of which the plaintiff could shun by the use of ordinary care, goes for nothing.

The petition set forth no cause of action, and the general demurrer to the same was properly sustained by the trial judge.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*