### 42963. ABERCROMBIE v. LEDBETTER-JOHNSON COMPANY et al.

SUBMITTED JUNE 30, 1967—DECIDED SEPTEMBER 5, 1967— REHEARING DENIED SEPTEMBER 27, 1967—

*Noland & Coney, John L. Coney, E. J. Clower,* for appellant.
*Neely, Freeman & Hawkins, Edgar Neely, Matthews, Maddox, Walton & Smith,* for appellees.

JORDAN, Presiding Judge. It is the settled law of this State

that a contractor engaged in public work under contract with the State or one of its political subdivisions is not immune to liability for injuries caused by its negligence while performing the contract. *State Constr. Co. v. Johnson,* 82 Ga. App. 698 (62 SE2d 413); *Davis v. Smiley,* 33 Ga. App. 508 (126 SE 904). This is in accord with the weight of authority in other jurisdictions which do not excuse a contractor for injuries resulting from negligence or a wilful tort. See annotation, 9 ALR3d 382.

There is no contention that a wilful tort is involved, and application of the foregoing rule eliminates sovereign immunity to support the general demurrers to the petition if the allegations of the petition are sufficient to show negligence by the defendants as the proximate cause of the alleged damage. In considering this proposition under the practice in effect when the trial judge dismissed the action, the petition on general demurrer must be strictly construed against the pleader, although general allegations of negligence other than mere unsupported conclusions of the pleader are good. See *Code* § 81-304; *James v. Smith,* 92 Ga. App. 131, 137 (88 SE2d 179); *McPhail v. Atlantic C. L. R. Co.,* 93 Ga. App. 599 (2) (92 SE2d 558). Under the rule of strict construction of the pleadings on demurrer contradictions are resolved to the detriment of the pleader, and unfavorable inferences fairly drawn from the pleadings must prevail. See *Independent Life & Acc. Ins. Co. v. Pantone,* 80 Ga. App. 426 (1) (56 SE2d 153); *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867); *McEntire v. Pangle,* 197 Ga. 414 (1) (29 SE2d 503).

The petition shows that in the course of construction of Interstate 20 in Douglas County, including changes in other roadways, the defendant moved large quantities of fill materials and constructed embankments, which had the effect of changing the drainage features of the terrain, and that the alleged damage to the plaintiff's property was caused by the change in the flow of surface waters and the washing of silt and debris. While the petitioner does not follow the usual practice of setting forth specific allegations of negligence as the proximate cause of the alleged losses he does refer to negligence in two paragraphs of the petition. In Paragraph 19 he alleges "[t]hat as a natural and direct result *of the negligent manner* in which the defendants

constructed said embankments and changed the contour of the surrounding land," the northern third of his lake was "engulfed by silt, sand, clay, rock and other such material . . . ," and in Paragraph 23 he alleges "[t]hat the defendants *negligently failed to take proper measures* during the course of constructing said embankments to prevent the conditions herein complained of by seeding, sodding or such other method to prevent the loose fill material from falling and washing into the streams as herein alleged." Preceding these allegations, in Paragraph 15, he alleges that the erosion on the embankments occurred "as a direct and natural result of the construction of said embankments" without specifying any negligence in constructing the embankments, and later, in Paragraph 24, he alleges "[t]hat the defendants either knew or should have known that the grading, the hauling in of large quantities of fill material, and the alteration of the natural contour of the land . . . would have the result and cause damages as herein alleged." Viewing these allegations together, and considering the absence of any allegations showing the extent of the obligations assumed by the contractor in performing the public work under the plans and specifications, we regard the references to negligence as conclusions unsupported by alleged facts, and applying the rule of strict construction we draw the unfavorable inference that what the petitioner really shows is damage to his property as the direct and natural result of the public work performed by the contractors as required under the contract and not as the direct and natural result of any negligence on the part of the contractors in the manner of performing the work. While such facts may afford a cause of action against a proper party for the taking or damaging of property for public purposes without just and adequate compensation, with or without negligence, as provided for in the Constitution (*Code Ann.* §§ 2-103, 2-301), they do not, in the absence of negligence, support a cause of action against a contractor engaged in public work. The trial judge did not err in sustaining the general demurrers to the petition.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ON MOTION FOR REHEARING.

Appellant insists in his motion for rehearing that since this

court rendered its decision after the effective date of the Georgia Civil Practice Act we should have construed his petition in the light of Section 8 of the Act, which substantially liberalizes pleading requirements, rather than applying principles in effect on April 19, 1967, when the trial court ruled on the demurrers to the petition.

The Act, which as amended became effective September 1, 1967, provides that it "shall govern all proceedings in actions brought after it takes effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in a particular action pending when this Act takes effect would not be feasible or would work injustice, in which event the former procedure applies." Ga. L. 1966, pp. 609, 671; Ga. L. 1967, pp. 8, 226, 250.

We construe this to mean that the trial court under the conditions stated above might apply the provisions of the Act to actions pending on the effective date of the Act as to rulings and orders made subsequent to September 1, 1967. Since the rulings of the trial court here under review preceded the effective date of the Act, this court will examine such rulings in the light of the pleading requirements as they existed at the time the trial court ruled thereon.

All judges sitting en banc concur in that which is said on motion for rehearing. Accordingly,

*The motion is denied.*