39561. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY v. STRICKLAND.

DECIDED JULY 16, 1962—REHEARING DENIED JULY 26, 1962.

*Downing Musgrove, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Ben T. Willoughby, Franklin, Barham, Coleman, Elliott & Blackburn, O. W. Franklin, Jr.,* contra.

FELTON, Chief Judge. ■ Since there was some evidence to support the verdict, the general grounds of the motion for a new

trial and the motion for judgment n.o.v. were properly overruled. Whatever may be true as to the other specifications of negligence, the jury was authorized to find against the defendant on specification eight, to wit: "In failing to put on brakes or attempt to stop the train after the deceased's car started across the defendant's track." The evidence showed that the train crew saw the deceased approach the crossing and actually saw his car enter the crossing and start across the tracks directly in the path of the train and that no effort was made to apply the brakes or in any way reduce the speed of the train until after the left front of the locomotive had struck the left rear bumper of the car. When the fireman said, "There comes a car" the engineer replied, "I see it." When the automobile got onto the track in the path of the locomotive while it was 100 to 150 feet from the crossing, both the engineer and the fireman saw the automobile and there was enough time before the collision, after the crew saw the car on the track, for the fireman to say, "I hope he gets across," and for the engineer to have time to reply, "I do too." Four witnesses testified that the deceased almost cleared the crossing and was hit at the rear of his car between the rear wheel and rear bumper. The evidence showed that emergency brakes do not take effect immediately but that the "full service" brakes begin coming on as soon as applied and that neither was applied before the collision and nothing else was done to reduce the speed of the train before the collision. The railroad contends that a finding on this specification is mere speculation and conjecture. We do not agree. The automobile needed only a fraction of a second to clear the crossing and the jury could reasonably conclude that the application of the service brake within the period of time there was for such a thing would have given the needed fraction of a second. Even a second more time might have avoided the tragic occurrence. A.C.L. R. Co. v. Grimes, 99 Ga. App. 774 (109 SE2d 890) and cases cited; Brewer v. James, 76 Ga. App. 447 (46 SE2d 267).

■ Special ground 4 was expressly abandoned. Special grounds 5 and 8 complain of the following excerpts from the charge: "Now, gentlemen, I charge you further in this case that a widow may recover for the homicide of her husband to the

extent of the full value of 'the life of the decedent, as shown by the evidence, if the evidence justifies such a recovery based upon principles of negligence as given to you by the court; and in the event of such a recovery of the full value of the life of the decedent, the widow holds the amount recovered for herself and her children." The plaintiff in error contends that these instructions gave the jury an improper measure of damages, removing the possibility of apportionment of damages for contributory negligence. It will be noted that the court qualified and limited the plaintiff's recovery to the extent of the full value of the decedent's life only *"if the evidence justifies such a recovery based upon principles of negligence as given to you by the court"* (emphasis supplied), and that the court in fact gave the jury these "principles of negligence" in a subsequent instruction, as follows: "Gentlemen, if you find the plaintiff's husband and employees of the company were both at fault, and the plaintiff's husband may in some way have contributed to the injury, and the plaintiff's husband could not have avoided the consequences to himself caused by the defendant's negligence, if it was negligent, if he, the plaintiff's husband had exercised ordinary care, the plaintiff may recover, but *the damages shall be diminished by the jury in proportion to the amount of the fault attributable to the plaintiff's husband."* Special grounds 5 and 8 are therefore without merit.

■ Special ground 6 complains of the following excerpt from the charge: "Was the defendant negligent to the extent of failure to exercise· ordinary care in the way alleged in the petition? If the defendant was not so negligent there could be no recovery. If the defendant was so negligent and the injury was the proximate result of such negligence, then the plaintiff could recover if, by the exercise of ordinary care, plaintiff's husband could not have avoided the consequence of the defendant's negligence. That is, the plaintiff's husband could not have avoided the consequences of the defendant's negligence if you find the defendant was negligence [sic] as alleged."

It is contended·that this charge limits the duty of the deceased to use ordinary care only· after the defendant's negligence became apparent to him. The charge was correct as far as it went. The charge complained of is not subject to exception because it

did not include another applicable principle of law. *Code Ann.* § 70-207, catchword "Omission" and cases cited thereunder.

4. Special ground 7 contends that the court erred in charging the so-called Blowpost Law, inasmuch as four witnesses gave positive testimony to the effect that the whistle was blown before the collision and two witnesses, including the plaintiff, who was in the inside part of her house, gave negative testimony, to the effect that they had not heard the whistle. *Code* § 38-111 provides: "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having existed. This rule shall not apply when, two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not."

The contention is that the charge was not applicable because it was not shown that the witnesses swearing that the whistle was not blown had equal opportunity with the witnesses swearing to the contrary to know whether the whistle blew or not. The evidence showed that a Mrs. Mercer was in the kitchen of her house at the time and testified that she heard the whistle blowing. Her husband was in the same house and testified that he did not hear the whistle blowing. *Pollard v. Todd,* 62 Ga. App. 251, 258-9 (8 SE2d 566) is distinguishable. In this case Mr. and Mrs. Mercer were in the same house though not in the same room. It seems that the situation is covered by the statement in the above case that the negative evidence rule comes into play where it appears that the witness giving the negative testimony probably would have heard the whistle if it was blown. It is not a prerequisite for the application of the rule that a witness listened for the whistle or that his attention was in some way directed toward it. The giving of the charge under these facts was not error.

Grounds 8 and 9 of the motion for a new trial were also abandoned.

The court did not err in overruling the amended motion for a new trial and the motion for a judgment notwithstanding the verdict.

*Judgments affirmed. Bell and Hall, JJ., concur.*