### 41141. HUGHES v. BROWN, by Next Friend.

ARGUED FEBRUARY 1, 1965—DECIDED APRIL 15, 1965—
REHEARING DENIED MAY 13, 1965.

*Woodruff, Savell, Lane & Williams, Dan Winn,* for plaintiff in error.

*Cecil D. Franklin,* contra.

FELTON, Chief Judge. ■ The general grounds will be considered first. Evidence was introduced to the following effect: Grass and high weeds were growing along the shoulders of the road up to within about two feet of the edge of the pavement and this narrow strip was the only place a cyclist could ride so as to be off the pavement. The defendant testified that he saw the plaintiff some 600 to 700 feet down the road at the time he turned into said road; that he kept his eye on the child and was very observant that he did not at any time look back in the direction of the taxicab; that he knew that an automobile that had just passed in a southerly direction was making noise which likely could have prevented the child from hearing the taxicab approaching from the rear; that he did not sound his horn notwithstanding his awareness that the plaintiff had not looked back and was probably unaware of his vehicle's approach; that he had thought he could bring his automobile to a stop but that he did not get the traction he would have had, due to the hot pavement. Mrs. Nadine Cole, a passenger in the cab, testified that she did not know the speed of the taxicab, but that the plaintiff had gone across the road very slowly at approximately a 45 degree angle; that he never at any time looked back; that she had had time to scream out to the defendant, "My God, you are going to hit that boy!"; that the plaintiff was on the left side of the road when struck by the taxicab. A State Highway Patrolman who investigated the collision testified that it

was his opinion that the defendant's automobile was traveling at the speed of approximately 35 m.p.h. when he applied his brakes, based on the 29 feet of skid marks up to the point of impact and the 66 feet which the automobile traveled without the application of brakes from the point of impact before coming to a stop. There was testimony that the defendant was only 30 feet behind the plaintiff when the plaintiff started pulling out into the road without signaling his intention to turn. This could be found to have created an emergency situation, in which the defendant's reaction could not be judged in restrospect, but according to the situation as it appeared to him at that time. It might have been found that, once the defendant had started pulling to his left to avoid the plaintiff, it would have been impossible to turn back to the right in the short distance available, even if he could have determined that the boy was continuing across the road, rather than merely swerving temporarily onto the pavement, as the defendant might have been found to have thought. In view of the fact that most of the testimony as to time, distance and speed was opinion, however, the determination of whether the defendant, in the exercise of ordinary care, could have avoided the collision can not be reduced to a mere mathematical formula. Although this was a close question, it was, nevertheless, a question for the jury and we cannot say, as a matter of law, that the verdicts of the two juries in favor of the plaintiff were not supported by some competent evidence. For examples of cases involving similar situations where the question of the defendant's negligence was held to be one for the jury, see *Atlantic C. L. R. Co. v. Grimes,* 99 Ga. App. 774 (1) (109 SE2d 890); *Grayson v. Yarbrough,* 103 Ga. App. 243, 245 (1) (119 SE2d 41); *Georgia Sou. & F. R. Co. v. Strickland,* 106 Ga. App. 411, 412 (1) (126 SE2d 884). The court, therefore, did not err in overruling the general grounds of the motion for a new trial or the motion for a judgment n.o.v.

■ Special ground 1 of the motion for a new trial assigns as error the court's refusal to allow the defendant to answer the question, "At the time you saw him start in front of the car, could you avoid hitting him?" As was pointed out in the case of *Bentley v. Ayers,* 102 Ga. App. 733, 735 (117 SE2d 633), testimony to the effect that the witness doesn't *know* of

anything he could have done to avoid a collision is construed to mean that insofar as the witness knew, his opinion was that there was nothing else he could have done, and such opinion is admissible when it is based upon facts concerning which he testified. On the other hand, testimony such as that here solicited calls for a conclusion on the part of the witness as to the ultimate issue to be decided, and thus would amount to an invasion of the province of the jury. Special ground 1 was therefore properly overruled.

■ Special ground 3 complains of the charge, that the plaintiff would be entitled to recover if he proved "that one or more of the alleged acts of negligence were the proximate cause of the injury complained of." The complaint is that this constituted . an expression of opinion on the part of the court that the alleged acts of negligence were in fact negligence. Immediately following the quoted excerpt, the judge added, *"unless* such recovery was barred by some other rule of law I might give you in charge," then charged as follows: "It is your duty not only to determine whether the alleged act or acts of negligence were committed, but also, if committed, *whether the same amounted to negligence,* and if so whether such negligent act or acts proximately caused the plaintiff's injuries." The charge, when read as a whole, was a correct statement of the jury's duty and was not error as complained of. *Dowis v. McCurdy,* 109 Ga. App. 488 (3) (136 SE2d 389), settles this question even without the additional charge here given.

■ Special ground 4 complains of the following charge: "I charge you that the law requires that the defendant exercise ordinary care insofar as all the allegations of the plaintiff's petition are concerned." The above charge merely instructed the jury as to the duty of care which the defendant had under the circumstances alleged by the petition. The charge expressed no opinion as to whether or not the allegations of negligence constituted negligence. The court properly instructed the jury that the question of whether or not the defendant was in the exercise of the degree of care legally required of him was a question of fact for them to decide and also defined ordinary care. This ground is without merit.

■ Special ground 5 assigns as error the court's charge that

any award for future loss of earnings and future necessary expenses should be reduced to its present cash value on the basis of the 7% legal rate of interest in this State. It has been held that it is incorrect to instruct the jury as a matter of law that the legal rate of interest should be used in their calculations to ascertain the present value and that a charge imposing on a plaintiff the duty of obtaining such a rate on his investment would be erroneous, such rate being merely one of the factors to be considered in determining the earning power of money under the facts and circumstances. *Southern R. Co. v. Woodward,* 39 Ga. App. 173, 182 (3) (146 SE 561) and cit. As was the case in the *Woodward* case, supra, however, the defendant was not harmed by this instruction. That case stated that the standard of computation should not be such as would contemplate "the exercise of financial experience and skill in the administration of the fund," because "where this is necessarily employed the interest return is in part earned by the investor rather than by the investment." If anything, the 7% rate charged by the court was higher than the plaintiff might have been required to obtain on a conservative and safe investment; therefore any harm in the instruction was to the plaintiff, rather than to the defendant.

■ Special ground 6 complains of the court's having charged the statute requiring a horn in good working order and of required degree of audibility, etc. This charge correctly stated a portion of the provisions of *Code Ann.* § 68-1716. Although neither the pleadings nor the evidence raised the issue of whether or not the defendant's vehicle had a horn which complied with the requirements of the above Code section, it was clear enough to the jury from the evidence that the defendant's failure to use the horn was due either to his lack of sufficient time to use it or his judgment, whether correct or incorrect, that its use would have been ineffectual to prevent the collision's occurrence, rather than to any malfunction of the horn. This charge was harmless, therefore, and merely laid the groundwork for the next charge, which is considered in the following division.

■ Special ground 7 complains of the following charge: "I charge you that the driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning

with his horn, but shall not otherwise use such horn when upon the highway." The pleadings and the evidence showed that the defendant did not blow his horn. The petition alleged failure to blow the horn as one of the particulars of negligence. Under the pleadings and the evidence it was a jury question whether the blowing of the horn was "reasonably necessary to insure safe operation" and whether failure to blow the horn was a proximate cause of the collision, since the evidence does not demand a finding that blowing of the horn could not have prevented the collision's occurrence. Even if a finding were authorized that failure to blow the horn at the time the defendant first saw the plaintiff pull out from the side of the road could not have prevented the collision, due to the speed of the automobile and its proximity to the bicycle, the jury could have found that it was negligence not to blow the horn as a warning before that time, under the circumstances of the narrow road, the narrow path on which the plaintiff was riding and the oncoming automobile. This ground was without merit.

■ Special ground 8 complains that the court, in charging the provision of Code Ann. § 68-1658, that ". . . every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway," etc., erred in adding thereafter the phrase "or such other user of any roadway," which was not contained in the statute. While the statute does not specifically include in its terms "such other user," inclusion of the plaintiff bicyclist was not error, especially since it imposes no greater duty on the defendant than does the common law. This ground was without merit.

■ Special ground 9 assigns as error the admission into evidence of the testimony of the plaintiff's father that, in his opinion, the cost of having plaintiff's laundry done after he reached 21 years of age would be $35 per week. The conclusion of a nonexpert witness, or his opinion, is admissible when predicated upon facts stated by the witness. King v. Sharpe, 96 Ga. App. 71, 80 (99 SE2d 283) and cases cited. The witness testified that the plaintiff had had little or no control over elimination of bodily waste ever since his injury, that this required frequent changes of clothing and linen, that they had done the laundry at home as much as could be done for those 3 years and that,

if they had to hire it done, it would be for 2 or 3 washes a week for a total of about $35 a week. Although he testified that most of the laundry was done at home, this implies that at least some of it was done outside the home, thus enabling him to have some idea of the prices charged for laundry service. This was sufficient evidence upon which to predicate his opinion. If the jury thought the amount was excessive they could allow a lesser amount. This ground is without merit.

Special ground 10 assigns as error the admission over objection of the following answer of the plaintiff's father in response to the question of what would be the cost of drugs for the use of the plaintiff after he becomes 21 years of age: "Well, approximately, his medicine and bags and things that goes in the medicine line that you have to buy from the drug store would cost you approximately $100 per month." There was medical testimony that the plaintiff's condition was permanent and the father had purchased the plaintiff's drugs and other medical needs for some three years; therefore this testimony was not objectionable as being opinion testimony of a nonexpert.

The verdict and judgment were authorized by the evidence and none of the special grounds was meritorious; therefore the court did not err in its judgment overruling the motions for judgment n.o.v. and for a new trial, as amended.

*Judgment affirmed. Jordan and Russell, JJ., concur.*