## A05A0631. McKISSICK v. GIROUX et al.
### (612 SE2d 827)

BLACKBURN, Presiding Judge.

In this personal injury action arising out of an auto accident, defendant Bobby Gene McKissick appeals (with our permission) from the order denying him summary judgment. He argues that no evidence showed he breached any duty owed to plaintiff Donna Elaine Giroux, who was injured in the accident, or to her husband, who is suing for loss of consortium. We agree and reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So viewed, the evidence shows that Giroux was driving her motorcycle northbound on a highway as it approached a curve bearing right while McKissick was driving his truck pulling a trailer southbound on the same highway approaching the same curve. As the vehicles passed by each other, Giroux struck the trailer, resulting in severe injury to Giroux. Alleging that McKissick failed to maintain his lane and to exercise ordinary care to avoid the collision, Giroux and her husband sued McKissick for damages.

McKissick moved for summary judgment, submitting evidence from himself and from another driver (who was behind Giroux and witnessed the accident) that Giroux wobbled on her motorcycle as she went into the curve and that Giroux, not McKissick, crossed the

---

[1] OCGA § 9-11-56 (c).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

centerline and struck the trailer. Giroux submitted her deposition in which she admitted to remembering nothing about the accident, but in which she opined that McKissick most likely crossed the centerline since she had previously witnessed that southbound drivers "always" crossed the centerline in the past and since McKissick was driving a larger vehicle than hers. Giroux also argued that having seen Giroux's "wobbling," McKissick failed to exercise ordinary care to avoid the accident. The trial court denied summary judgment.

"In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." *Vaughan v. Glymph*.[3] "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." *Lau's Corp. v. Haskins*.[4] A defendant moving for summary judgment may point out that there is an absence of evidence to support an element of the plaintiff's case. Id. The plaintiff cannot then rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue on that element. Id.

McKissick contends that no evidence showed he breached a duty owed to Giroux. "The mere fact that an accident happened and a plaintiff was injured affords no basis for recovery unless the plaintiff carries her burden of proof and shows that the accident was caused by specific acts of negligence of the defendant." *Berry v. Hamilton*.[5] The only allegations of negligence against McKissick were that he crossed the centerline and that he failed to avoid the accident after seeing Giroux wobble on her motorcycle.

Regarding crossing the centerline, McKissick submitted direct evidence that Giroux, not McKissick, crossed the centerline. Giroux failed to counter that evidence with anything other than her speculation that since other southbound drivers had crossed the centerline at this curve, and since McKissick was driving a larger vehicle with a trailer, McKissick must have done so also. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Punctuation omitted.) *Heath v. Rush*.[6] Moreover, even if Giroux's testimony about prior acts of other drivers could be considered circumstantial evidence, it would not suffice, since it is not necessarily inconsistent with McKissick's direct evidence that he did not cross the centerline on this particular occasion. See *McElroy v.*

---

[3] *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999).

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[5] *Berry v. Hamilton*, 246 Ga. App. 608, 609 (541 SE2d 428) (2000).

[6] *Heath v. Rush*, 259 Ga. App. 887, 888 (578 SE2d 564) (2003).

*Cody*[7] (to contradict defendant's direct and positive evidence on summary judgment, circumstantial evidence must be inconsistent with the direct evidence or at least demand a finding of fact on the issue in favor of the plaintiff).

Regarding the exercise of ordinary care to avoid the collision, Giroux cites OCGA § 40-6-93 for the proposition that McKissick owed a duty to Giroux to avoid the collision once he ascertained that she was not in control of her motorcycle. This statute, however, does not purport to apply to duties owed to other drivers, but focuses on duties owed to persons on the highway. See *Fountain v. Thompson.*[8] Nevertheless, whether codified or not, common law imposes a duty on all drivers to exercise ordinary care with regard to other drivers on or users of the highway. *Hughes v. Brown.*[9] See *Cromer v. Hodges*;[10] *Reed v. Dixon.*[11] This duty is breached if the first driver is reasonably able to ascertain that he is about to collide with another driver and nevertheless takes no reasonable evasive action where possible. *Johnson v. Ellis.*[12] In this regard, plaintiff must present specific evidence, as "[n]egligence cannot be presumed; on the contrary, performance of duty and freedom from negligence is presumed." Id. at 345. Here, the evidence showed only that Giroux was wobbling (not swerving from lane to lane) as she negotiated the curve and that she did not cross the centerline until she struck the trailer. This evidence cannot support a finding of negligence against McKissick.

Accordingly, we reverse the denial of summary judgment and direct the trial court to enter final judgment in favor of McKissick on all claims.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 25, 2005.

*Beck, Owen & Murray, Samuel A. Murray, Jr.*, for appellant.
*Flynt & Flynt, Crisp B. Flynt, Howard P. Wallace*, for appellees.

---

[7] *McElroy v. Cody*, 210 Ga. App. 201, 202 (435 SE2d 618) (1993).

[8] *Fountain v. Thompson*, 252 Ga. 256, 257 (312 SE2d 788) (1984).

[9] *Hughes v. Brown*, 111 Ga. App. 676, 682 (8) (143 SE2d 30) (1965).

[10] *Cromer v. Hodges*, 216 Ga. App. 548, 549 (1) (455 SE2d 94) (1995).

[11] *Reed v. Dixon*, 153 Ga. App. 604 (1) (266 SE2d 286) (1980).

[12] *Johnson v. Ellis*, 179 Ga. App. 343, 344-345 (346 SE2d 119) (1986).