## A07A0398. HALLIGAN v. BROUN.
(645 SE2d 581)

SMITH, Presiding Judge.

Catherine Halligan sued Paul C. Broun for injuries she sustained in an automobile accident that occurred when Broun ran a red light. Paul C. Broun died during the pendency of the litigation, and his co-executor, Michael S. Broun, was substituted as the defendant. The trial court granted the co-executor's motion for summary judgment, concluding that although Broun was negligent per se for entering the intersection on a red light, he did so due to an "act of God." We agree and affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The evidence here is undisputed. On May 1, 2001, 85-year-old Broun ran a red light and struck a vehicle driven by Halligan. Prior to entering the intersection and without warning, Broun "passed out" or lost consciousness. Broun had never "passed out" before and was later told by his physician that he had apparently suffered from a condition that caused a sudden drop in his blood pressure. As a result, Broun had a pacemaker implanted.

In two enumerations, Halligan argues that Broun was negligent per se for running the red light and that the court's determination "whether the negligence per se was the result of an intentional act by the Defendant is, essentially, requiring actual negligence even where there is negligence per se — and would give negligence a greater 'legal weight' than negligence per se." She argues further that Broun's "black-out" cannot be an intervening cause because it occurred prior to the act of negligence.

Contrary to Halligan's arguments, "[n]egligence per se is not liability per se. Negligence, it should be remembered, is in itself only one of the essential elements prerequisite to a cause of action in a given case." (Citations and punctuation omitted.) *Herrin v. Peeches Neighborhood Grill & Bar*, 235 Ga. App. 528, 533 (2) (509 SE2d 103) (1998). And "[u]nder appropriate circumstances, it may be established as a matter of law that an act of God was the sole proximate cause of an automobile accident, thus entitling a defendant to summary judgment on a claim that his alleged negligent operation of an automobile caused an accident." *Lewis v. Smith*, 238 Ga. App. 6 (517 SE2d 538) (1999). OCGA § 1-3-3 (3) defines an "act of God" as "an accident produced by physical causes which are irresistible or inevitable, such as lightning, storms, perils of the sea, earthquakes,

inundations, sudden death, or *illness.*" (Emphasis supplied.) "It follows that, where the driver of an automobile suffers an unforesee-able illness which causes him to suddenly lose consciousness and control of the automobile, the driver's loss of control is not negligent, and he is not liable for any damages caused by the out-of-control automobile." (Citations omitted.) *Lewis,* supra, 238 Ga. App. at 7; see also *Freeman v. Martin,* 116 Ga. App. 237, 239-240 (1) (156 SE2d 511) (1967). The driver must show that an unforeseeable loss of conscious-ness produced the accident without any contributing negligence on his part. *Lewis,* supra, 238 Ga. App. at 7.

Here, the uncontradicted evidence revealed that Broun suffered a sudden and unforeseeable loss of consciousness just prior to the accident. His co-executor therefore established a prima facie case in support of his affirmative defense of an "act of God." See *Lewis,* supra, 238 Ga. App. at 9-10. Since Halligan failed to produce any specific facts rebutting this affirmative defense and showing there was a genuine issue for trial, the trial court did not err in granting summary judgment to the defendant. Id. at 10.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 12, 2007 —
RECONSIDERATION DENIED MAY 4, 2007.

*Raiford & Dixon, Tyler C. Dixon,* for appellant.
*Mabry & McClelland, Walter B. McClelland,* for appellee.