**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 16, 2013

# In the Court of Appeals of Georgia

A13A0692, A13A0693. EATMON v. WEEKS et al.; and vice versa.

BRANCH, Judge.

On the early afternoon of June 29, 2010, Princess Eatmon was driving her car in the left northbound lane of Dawson Road toward Albany when a pickup truck traveling in the opposite direction and driven by Flaval Weeks veered across the turning lane separating the road's two northbound and two southbound lanes and hit Eatmon's car. Eatmon sustained a broken leg and other injuries. Weeks, who suffered a head wound in the crash, could not tell a responding police officer anything about the accident, was diagnosed as having suffered a stroke on the day in question, and died a few weeks later. Eatmon brought a negligence action against Weeks's estate, which counterclaimed for the same. After the trial court denied cross-motions for summary judgment, this Court granted both parties' applications for interlocutory

review. We reverse the trial court's denial of summary judgment in both cases because there is no evidence showing that either Eatmon or Weeks was responsible for the accident.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In Eatmon's appeal from the denial of her motion for summary judgment (Case No. A13A0692), we view the evidence in the light most favorable to Weeks's estate as the non-movant; in the estate's appeal from the denial of its motion for summary judgment (Case No. A13A0693), we view the evidence in the light most favorable to Eatmon as the non-movant.

Eatmon argues that the undisputed evidence shows that she had no opportunity to avoid Weeks's truck as it veered into her lane, and that the estate therefore cannot show that she drove negligently in the moments before the accident. We agree.

Georgia law "imposes a duty on all drivers to exercise ordinary care with regard to other drivers on or users of the highway." *McKissick v. Giroux*, 272 Ga. App. 499, 501 (612 SE2d 827) (2005). Specifically, "[e]very driver is under a duty to keep a proper lookout for potential hazards. A driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent outlook ahead." (Citation and punctuation omitted.) *Hayes v. Crawford*, 317 Ga. App. 75, 78 (730 SE2d 26) (2012). A driver breaches this duty, however, only where she "is reasonably able to ascertain that she is about to collide with another driver and nevertheless takes no reasonable evasive action where possible." (Citation and footnote omitted.) *McKissick*, supra at 501.

Even construed in the estate's favor, Eatmon's testimony shows that she did not see his truck until it was six feet or less from her. Eatmon testified that as a result of Weeks's truck coming towards her, she was forced to move to her right, thereby hitting another car, which was forced to its right onto the sidewalk. The driver of the

3

second car testified that she did not see Weeks's truck until after Eatmon had been hit and that Eatmon could not have taken any action to avoid a collision: "I don't see where she could have done anything. She was in her lane."

We are mindful that "questions of negligence and diligence and of cause and proximate cause and whose negligence constituted the proximate cause of the plaintiff's injuries are, except in plain, palpable and indisputable cases, solely for the jury, and [that] the courts will decline to decide such questions unless reasonable minds cannot differ as to the conclusions to be reached." *Hayes*, supra at 79 (citation and punctuation omitted). As we have often held, however, "'negligence cannot be presumed; on the contrary, performance of duty and freedom from negligence is presumed.'" *McKissick*, supra at 501, quoting *Johnson v. Ellis*, 179 Ga. App. 343, 345 (346 SE2d 119) (1986).

"A defendant moving for summary judgment may point out that there is an absence of evidence to support an element of the plaintiff's case. The plaintiff cannot then rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue on that element." *McKissick* at 500, citing *Lau's*, supra. Given the undisputed evidence that Eatmon was driving within her lane on the proper side of the road before she saw and was unable to avoid being hit by Weeks's truck, the estate has

4

failed to create an issue of fact on the question whether Eatmon operated her car in a negligent way. Because Eatmon has thus pointed to an absence of evidence as to whether she breached her duty of ordinary care, the trial court erred when it denied her motion for summary judgment. *McKisson*, supra at 501 (reversing denial of summary judgment on motorcyclist's claim that a truck driver proceeding in the opposite direction failed to exercise ordinary care when the driver produced evidence that motorcyclist had wobbled as she went into the curve where she struck the truck's trailer); *McQuaig v. Tarrant*, 269 Ga. App. 236, 239 (603 SE2d 751) (2004) (affirming grant of summary judgment to defendant driver when "uncontradicted evidence" showed that plaintiff "drove into [defendant's] path" and when there was "no evidence of anything [defendant] could have done to avoid the collision"); *Johnson*, supra at 345 (affirming defendant driver's grant of motion for directed verdict in pedestrian's negligence suit when there was no evidence that the driver could have or should have seen the pedestrian walking into a collision path with the driver's car).

## Case No. A13A0693

For its part, Weeks's estate argues that uncontradicted evidence established that Weeks suffered a stroke before the accident such that he cannot be held liable for it. We agree.

5

"[W]here the driver of an automobile suffers an unforeseeable illness which causes him to suddenly lose consciousness and control of the automobile, the driver's loss of control is not negligent[,] and he is not liable for any damage caused by the out-of-control automobile." *Lewis v. Smith*, 238 Ga. App. 6, 7 (517 SE2d 538) (1999). See also OCGA § 1-3-3 (3) (including "sudden death" and "illness" as among those "physical causes" producing accidents properly described as "acts of God"). "[T]o establish an act of God defense based on illness producing a loss of consciousness, the driver must show that the loss of consciousness produced the accident without any contributing negligence on the part of the driver." *Lewis*, supra at 7. Because an act of God is an affirmative defense, "a defendant moving for summary judgment on this basis may not rely upon an absence of evidence in the record disproving the affirmative defense but must carry the burden of affirmatively proving the defense." (Citation omitted.) Id.

The estate produced affidavits from the Albany police officer called to the scene of the accident and the physician who treated her husband after the accident. Based on his conversation with the decedent at the scene, the officer averred that Weeks "was not conscious" at the time of the accident and could not say what had happened before or during it; that Weeks's car left no skid marks or other indication that he had

6

"applied the brakes or was otherwise in control of the vehicle"; and that Weeks had "experienced a medical emergency before and during the accident" which "caused him to lose control of his vehicle." The physician, an emergency doctor at the hospital to which Weeks was admitted immediately after the accident, averred that Weeks complained of weakness in his left face and extremities, that he was diagnosed as having suffered a stroke, and that he would have had no warning of the stroke prior to its onset. The physician also averred that CT scan results showing no evidence of a stroke on the day of the accident, but some evidence of the same a few days later, were consistent with the original diagnosis because evidence of a stroke "do[es] not normally appear on CT scans performed shortly after a stroke." Finally, the physician stated that it was "more probable than not" that Weeks suffered a stroke at the time of the accident and that the stroke could have rendered him "unable to control a motor vehicle."

When the estate of a decedent has provided evidence that the decedent suffered "a sudden and unforeseeable loss of consciousness just prior to the accident" giving rise to a negligence action, the estate has established a prima facie case "in support of his affirmative defense of an 'act of God.'" *Halligan v. Broun*, 285 Ga. App. 226, 227 (645 SE2d 581) (2007). Under such circumstances, the non-movant must provide

"specific facts rebutting this affirmative defense and showing that there was a genuine issue for trial." Id.

Here, Eatmon has not refuted the estate's evidence that Weeks suffered an unforeseeable loss of consciousness just prior to losing control of his car, crossing the highway, and striking Eatmon's car. Although Eatmon argues that Weeks should have foreseen that he might lose consciousness while driving because he felt "hot" the day before, the record shows that he spent all that June day working on a construction site, and Weeks's doctor specifically testified that Weeks had no prior warning that he might experience a stroke. Because no question of fact remains as to whether Weeks's loss of consciousness was reasonably foreseeable, the trial court erred when it denied the estate's motion for summary judgment. *Lewis*, supra at 9-10 (affirming grant of summary judgment when plaintiff failed to produce any specific facts rebutting defendant's affirmative defense that he unforeseeably lost consciousness "so suddenly that he could not reasonably have taken any action to avoid the accident"); *Halligan*, supra at 227 (affirming grant of summary judgment to decedent's estate when plaintiff had failed to create a genuine issue concerning decedent's loss of consciousness before accident giving rise to plaintiff's suit).

*Judgment reversed in both cases. Phipps, C. J., concurs. Ellington, P. J., concurs in judgment only.*