**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2015**

# In the Court of Appeals of Georgia

A15A0430. JONES v. HOLLAND.

MCFADDEN, Judge.

Raymond Jones filed a complaint against Harry Holland, Jr., for damages arising from a motor vehicle collision. The trial court granted summary judgment to Holland, finding no evidence of negligence by Holland. Jones appeals, challenging the grant of summary judgment. Because a review of the record reveals that there exist genuine issues of material fact as to Holland's negligence, we reverse.

> On appeal from the grant of summary judgment, we construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences. The party opposing summary judgment is not required to produce evidence demanding judgment for it, but is only required to present evidence that raises a genuine issue of material fact. Our review of the grant or denial of a motion for summary judgment is de novo.

*Johnson v. Omondi*, 294 Ga. 74, 75-76 (751 SE2d 288) (2013) (citations and punctuation omitted).

So construed, the evidence shows that on December 30, 2008, Jones was using a tractor to move debris from his yard to a hole located across the road from his house. At approximately 5:00 p.m., Jones began backing the tractor out of his driveway. He looked both directions, saw no oncoming traffic, backed the tractor into the roadway and began to put the tractor in gear to go forward.

Meanwhile, Holland had pulled his pickup truck out of his driveway, which was located approximately 300 yards from Jones' driveway. Holland saw Jones on the tractor in his yard, and believed that he was working on his driveway. Holland did not look at his speedometer, but opined that he was driving under the 35 mile-per-hour speed limit, going approximately 22 to 25 miles per hour because, he claimed, that was his usual speed on that road. Holland became blinded by the sun as he drove toward Jones' driveway. The glare of the sun was so strong that Holland could not see anything in front of him on the road. Holland does not know how long he continued driving while blinded by the sun. Holland did not see the tractor on the road and slammed into it with the front of his truck. The collision threw Jones from the tractor

on to the ground. Holland said that Jones' daughter-in-law ran from the house to the scene of the crash and screamed at him for speeding on the road.

> Questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases. As we have stated previously, the routine issues of negligence cases are generally not susceptible of summary adjudication, and . . . summary judgment should not be granted in these cases unless the nonexistence of liability is plain, palpable, and indisputable. If reasonable minds can differ on the cause of the injury, the case is not plain, palpable, and indisputable and it should go to the jury.

*Georgia Dept. of Human Resources v. Bulbalia*, 303 Ga. App. 659, 663 (2) (694 SE2d 115) (2010) (citations and punctuation omitted).

Contrary to the trial court's findings, this is not a case in which the nonexistence of liability is plain, palpable and indisputable. Based on the evidence of record, a jury could find that Jones properly entered the roadway because he looked in both directions and saw no vehicles approaching as he backed his tractor into the roadway. While OCGA § 40-6-73 requires a driver entering a roadway to yield to approaching vehicles, the statute "place[s] no duty on the driver entering the roadway to yield to even properly approaching vehicles if [they] are not visible to the driver of the entering vehicle. [Cit.]" *Harrison v. Ellis*, 199 Ga. App. 199, 201 (404 SE2d 348) (1991).

3

Further, a jury could find that Holland, even if he was driving under the posted speed limit, still drove his pickup at an unreasonable speed while being blinded by the sun and unable to see the roadway ahead of him.

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed . . . when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

OCGA § 40-6-180. Indeed, when a driver's "eyes are blinded by the sun or by lights, he is required to exercise care and caution in keeping a lookout commensurate with the increased danger." *Sprayberry v. Snow*, 59 Ga. App. 744, 748 (1 SE2d 756) (1939) (citation and punctuation omitted), reversed on other grounds by *Sprayberry v. Snow*, 190 Ga. 723 (10 SE2d 179) (1940). Nevertheless, "[w]e recognize that a driver, however prudent he may be, must have time enough after being suddenly blinded [by the sun] to realize the situation with which he is confronted before he can be expected to stop his vehicle." *Brown v. Atlanta Gas Light Co.*, 96 Ga. App. 771, 776 (1) (101 SE2d 603) (1957).

In this case, there is evidence that the roadway was clear when Jones pulled into it and that Holland continued to drive toward Jones' driveway even after he

4

became blinded by the sun. In fact, Holland's own deposition testimony could be construed to provide that he drove while blinded for at least as long a time period as it took Jones to back his tractor from the yard near his house down his driveway and into the road. Under these circumstances, there exist genuine issues of material fact as to whether Holland negligently failed to slow down or stop his vehicle even though he could not see the roadway ahead of him. See *Stanfield v. Smith*, 152 Ga. App. 22 (1) (262 SE2d 216) (1979) (questions of fact created by evidence, from which jury could have concluded that sun was shining directly into driver's eyes and caused temporary blindness which led to collision without fault on his part, although such a conclusion certainly was not demanded by the evidence); *Brown*, supra at 775-776 (finding driver failed to exercise ordinary care where he continued to drive 300 feet at speed of 25 miles-per-hour after being blinded by sun shining in his eyes).

Under Georgia law, all drivers have a duty "to exercise ordinary care with regard to other drivers on or users of the [road]way. Specifically, every driver is under a duty to keep a proper lookout for potential hazards. A driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent outlook ahead." *Eatmon v. Weeks*, 323 Ga. App. 578, 579 (746 SE2d 886) (2013) (citations and punctuation omitted). Because a jury could find that Holland breached

5

his duty to maintain a diligent lookout ahead, "the trial court erred in granting summary judgment in behalf of [him]." *Young v. Kitchens*, 228 Ga. App. 870, 874 (3) (492 SE2d 898) (1997) (citation omitted).

*Judgment reversed. Ellington, P. J., and Dillard, J., concur.*