**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 9, 2022**

# In the Court of Appeals of Georgia

A22A0270. GILBERT v. FREELAND.

REESE, Judge.

This personal injury action arose from a collision between vehicles driven by Valerie Gilbert and Michael Freeland. Gilbert filed suit against Freeland following the collision, and Freeland subsequently filed a motion for summary judgment. The trial court granted Freeland's motion, and Gilbert appeals the court's ruling. For the reasons set forth infra, we reverse.

Construing the evidence and the inferences drawn from it in the light most favorable to Gilbert as the non-moving party,[1] the record shows the following. On October 13, 2016, Gilbert was driving north on Interstate 75 ("I-75") in heavy traffic.

---

[1] See *Rahmaan v. DeKalb County*, 300 Ga. App. 572, 572-573 (685 SE2d 472) (2009).

When Gilbert slowed for the automobiles in front of her, Freeland hit her from behind, pushing her into another vehicle.

Freeland stated in his affidavit that as he was driving on I-75 he "[s]uddenly, and without warning, . . . became sick." Freeland indicated that he "looked to the right for an exit" and that all he remembered was "reaching for a cup to vomit" and then someone flagging him down and informing him that he had been in an accident. According to Freeland, when his vehicle came to a stop he "realized there was vomit on [his] clothes and inside the vehicle[ ]" and he "believ[ed] that [he] passed out." Freeland also stated that he had not consumed any "alcoholic beverages, drugs, or medications within twenty-four hours prior to the accident."

Although Gilbert sought records from Freeland's physician, the facility responded that it did not have these records. However, Freeland stated in his affidavit that he "was checked out by [his] doctor" upon returning home and that his doctor informed him that he experienced "a sudden decrease in [his] heart rate and blood pressure which led to a reduced blood flow in the brain, which was entirely unforeseeable."

Gilbert filed suit against Freeland seeking damages resulting from the crash and attorney fees. Freeland filed an answer and subsequently filed a motion for

summary judgment in which he asserted an act-of-God defense based on his alleged loss of consciousness. The trial court found that the statements attributed to Freeland's physician included in Freeland's affidavit were not "competent evidence." However, the court ruled in favor of Freeland and granted him summary judgment. Gilbert now appeals from the trial court's order.

> Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9–11–56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.[2]

"The admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally. We review a trial court's decision regarding the admission or exclusion of evidence for an abuse of

---

[2] *Farm Bureau Mut. Ins. v. Claxton*, 345 Ga. App. 539 (812 SE2d 167) (2018) (citations and punctuation omitted).

discretion."[3] With these guiding principles in mind, we now turn to Gilbert's claims of error.

1. Gilbert argues that the trial court erred in failing to strike statements offered by Freeland that constituted inadmissible hearsay and speculation. Specifically, Gilbert asserts that statements by Freeland that he believed he passed out were overly speculative and statements attributed to Freeland's physician were hearsay.

OCGA § 9-11-56 (e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." However, a statement that the affidavit is made upon personal knowledge "is generally sufficient to meet the requirements of OCGA § 9-11-56 (e)."[4] Moreover, OCGA § 24-7-701 (a) provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences shall be limited to those opinions or inferences which are:
> (1) Rationally based on the perception of the witness;

---

[3] *Goodhart v. Atlanta Gas Light Co.*, 349 Ga. App. 65, 72 (2) (a) (825 SE2d 465) (2019) (citation and punctuation omitted).

[4] *Cross v. Wilmington Trust*, 360 Ga. App. 747, 749 (1) (a) (860 SE2d 212) (2021).

(2) Helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and

(3) Not based on scientific, technical, or other specialized knowledge within the scope of Code Section 24-7-702.

We note that although Gilbert asserts that the trial court erred in relying upon statements from Freeland's physician, the trial court actually ruled that these statements were "not competent evidence." Thus, any assertions that the trial court erred by relying upon statements by Freeland regarding what his physician told him are without merit.

Freeland stated in his affidavit that while driving on I-75

[he] became sick. The next thing [he] remember[ed was] someone flagging [him] down saying [he] had just been in an accident. [He did] not remember any of the details of the accident and believe[d] that [he] passed out. . . . To the best of [his] knowledge, [he] passed out and did not have any control of the vehicle at the time of this accident. . . . To the best of [his] knowledge, [he had] never had an incident prior to this accident where [he] became sick and/or passed out and had no memory of that time.

Freeland attested that the statements in his affidavit were based on his personal knowledge and involved his own recollection of what occurred before and after the

crash.[5] In short, he was driving, felt sick, reached for a cup, and the next thing he remembered was being flagged down and informed that he had been in a wreck. Such statements concerning his personal experience of the crash were rationally based on his perceptions, helpful to a clear understanding of his testimony, and were not scientific.[6] Thus, the trial court did not abuse its discretion in refusing to strike this part of Freeland's affidavit testimony.

2. Gilbert argues that the trial court erred in granting Freeland's motion as the evidence did not support summary judgment.

"Under appropriate circumstances, it may be established as a matter of law that an act of God was the sole proximate cause of an automobile accident, thus entitling a defendant to summary judgment on a claim that his alleged negligent operation of

---

[5] See *Cross*, 360 Ga. App. at 749 (1) (a).

[6] See OCGA § 24-7-701 (a); *Harris v. State*, 279 Ga. 304, 306 (1) (612 SE2d 789) (2005) ("A lay witness may relate his or her opinion as to the existence of any fact so long as the opinion is based upon the person's own experience and observations, and so long as the matter referred to is within the scope of the average [person's] knowledge."); see also *Lee v. Thomason*, 277 Ga. App. 573, 574-575 (1) (627 SE2d 168) (2006) (considering evidence that defendant "claimed that he did not remember the collision because he 'passed out' approximately ten minutes before it happened and did not regain consciousness until . . . afterward[ ]").

an automobile caused an accident."[7] OCGA § 1-3-3 (3) defines an "Act of God" as "an accident produced by physical causes which are irresistible or inevitable, such as lightning, storms, perils of the sea, earthquakes, inundations, sudden death, or illness. This expression excludes all idea of human agency." Thus, as we have held previously,

> a sudden and unforeseeable loss of consciousness by a driver is a complete defense to a claim that the driver negligently lost control of the automobile and proximately caused an ensuing accident. It also follows that, to establish an act of God defense based on illness producing a loss of consciousness, the driver must show that the loss of consciousness produced the accident without any contributing negligence on the part of the driver.[8]

However, an act of God "is an affirmative defense upon which the defendant carries the burden of proof" on summary judgment, and a defendant moving for summary judgment on this defense "may not rely upon an absence of evidence in the record . . . but must carry the burden of affirmatively proving the defense."[9]

---

[7] *Lewis v. Smith*, 238 Ga. App. 6 (517 SE2d 538) (1999).

[8] Id. at 7 (citations omitted).

[9] Id.

To support his assertion that his own statements regarding the crash were sufficient to establish a prima facie case for his act-of-God defense Freeland relies on *Lewis v. Smith*.[10] However, *Lewis* is distinguishable from the present matter. In *Lewis*, the plaintiff did not dispute that the defendant lost consciousness on appeal, and this Court noted that the fact the defendant's car came directly toward the plaintiff after swerving across two lanes of highway tended to support the defendant's claim that he was unconscious.[11] Moreover, the evidence demonstrated that the defendant's physician stated that there was nothing in the defendant's medical history showing that he might lose consciousness, and the defendant had seen a doctor two hours before the accident and nothing in his examination suggested that he might suffer a blackout.[12]

---

[10] 238 Ga. App. 6.

[11] Id. at 8.

[12] Id. Although Freeland also relies on *Halligan v. Broun*, 285 Ga. App 226 (645 SE2d 581) (2007), this case is distinguishable. In *Halligan*, the defendant ran a red light, struck another vehicle, and saw his physician after the collision who told the defendant that he "apparently suffered from a condition that caused a sudden drop in his blood pressure." Id. at 226. Here, Freeland did not offer admissible statements from his physician, and the nature of the collision itself did not suggest that Freeland lost consciousness.

Here, in contrast to *Lewis*, the circumstances of the collision did not lend additional support to the theory that Freeland passed out as he hit Gilbert's car from behind. Additionally, Freeland offered no documents regarding his examination following the crash or any possible proclivity toward losing consciousness, even though Freeland stated in his affidavit that he had seen his physician following the collision.[13] Rather, the only evidence Freeland offered regarding his loss of consciousness and its possible cause was the self-serving statements that he thought he passed out and that it had not happened before.[14] Thus, the trial court erred in ruling that Freeland was entitled to summary judgment.[15]

---

[13] Although Freeland asserts that Gilbert did not argue his alleged loss of consciousness was foreseeable, Gilbert did assert that Freeland failed to offer evidence establishing any possible cause of the loss of consciousness, or that it was foreseeable.

[14] Cf. *Halligan*, 285 Ga. App at 226 (discussed supra); *Screven County v. Sandlin*, ___ Ga. App. ___, ___ (Case No. A22A0186 decided May 4, 2022) (reversing the trial court's denial of summary judgment on defendant's act-of-God defense where a witness testified he saw the driver "wasn't waking up . . . he was out . . . laying on the steering wheel[,]" and the physician who saw the driver following the collision noted in the emergency physician record that the driver experienced a "Syncope"); *Lewis*, 238 Ga. App. at 7.

[15] See *Premier/Georgia Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780, 786 (3) (a) (613 SE2d 112) (2005) ("Allegations, conclusory facts, and conclusions of law cannot be utilized to support or defeat motions for summary judgment.") (punctuation omitted); *Lewis*, 238 Ga. App. at 7.

3. Although Gilbert also asserts that Freeland failed to present sufficient evidence to support summary judgment on his sudden-emergency defense, we agree with Freeland that, despite using the phrase "sudden emergency," his motion for summary judgment did not advance this argument, and the trial court did not base its ruling on this defense. Thus, we need not examine this claim of error.

*Judgment reversed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*