[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10743

Non-Argument Calendar

_____

JERDO ROBERT NEWSON,

Plaintiff-Third Party Defendant-Appellant,

*versus*

EVA HERNANDEZ,
BADGER STATE WESTERN INC.,
JON LANCE GARBER,
KEHE ENTERPRISES LLC,

Defendants-Third Party Defendants-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02133-CAP

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Jerdo Newson appeals the grant of summary judgment to Eva Hernandez and Badger State Western Inc. ("BSW") on his negligence claims arising out of a collision between semi-trailer trucks on Interstate 75 in Georgia.  After careful review, we affirm.

**I.**

This case arises from a multi-vehicle collision that occurred shortly after midnight on April 13, 2020, in Henry County, Georgia. That night, Newson was driving a semi-trailer truck southbound on Interstate 75 in dark and rainy conditions.  An unknown truck clipped the front of Newson's truck, causing it to jackknife and come to a stop on the road following a curve in the interstate. Once stopped, Newson exited the cab of his truck.

Not long after, defendant Eva Hernandez, driving on behalf of BSW, navigated the same curve in her semi-trailer truck at the speed limit of 65 miles per hour.  Seeing Newson's jackknifed truck less than 100 yards away, Hernandez attempted to brake and evade the obstruction.  But her truck struck Newson's truck, which

slammed into Newson's body and threw him to the ground, causing severe injuries to his left arm and leg.[1]  Newson was able to roll off the interstate, avoiding further injury.

Newson filed a lawsuit arising from this incident in May 2021.  Relevant here, Newson asserted a claim of negligence against Hernandez, a claim of vicarious liability against BSW based on Hernandez's negligence, and a claim of negligent hiring, training, and supervision against BSW regarding its employment of Hernandez.

The district court granted summary judgment to Hernandez and BSW.  In the court's view, Newson failed to identify any record evidence from which a jury could find that Hernandez breached a duty to him.  The court found that Newson's argument relied on the unsupported assertion that it was possible for Hernandez to avoid contact with Newson's jackknifed truck.  Because the court found no evidence to support a finding that Hernandez was negligent, it also concluded that Newson could not proceed on a claim against BSW either for vicarious liability or for its own negligence in hiring, supervising, or training Hernandez.  This appeal followed.

## II.

We review *de novo* the grant of summary judgment, viewing the evidence and drawing all reasonable inferences in favor of the

---

[1] Another semi-trailer truck driven by Jon Garber struck Newson's truck after Hernandez's did.  That collision, though raised in the district court, is not at issue on appeal.

nonmoving party—here, Newson.  *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).  Summary judgment is appropriate when a movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (cleaned up).

### III.

In Georgia, the essential elements of a negligence claim are (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury.[2]  *Vaughan v. Glymph*, 526 S.E.2d 357, 359 (Ga. Ct. App. 1999).  "The mere fact that an accident happened and a plaintiff was injured" is not enough for recovery.  *McKissick v. Giroux*, 612 S.E.2d 827, 828 (Ga. Ct. App. 2005).  Rather, the plaintiff must "carr[y] her burden of proof and show[] that the accident was caused by specific acts of negligence of the defendant."  *Id.*

Drivers in Georgia have a duty "to exercise ordinary care to other drivers on or users of the highway."  *Id.* at 829.  "This duty is breached if the first driver is reasonably able to ascertain that he is

---

[2] "In this diversity case, we must apply [Georgia] law and decide issues of state law the way it appears the state's highest court would."  *Gov't Emps. Ins. Co. v. Glassco Inc.*, 85 F.4th 1136, 1140 (11th Cir. 2023) (quotation marks omitted).

about to collide with another driver and nevertheless takes no reasonable evasive action where possible." *Id.*

Georgia law also states that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing." O.C.G.A. § 40-6-180. In particular, drivers have a duty to maintain a "reasonable and prudent speed . . . when approaching and going around a curve, . . . and when special hazards exist . . . by reason of weather or highway conditions," among other circumstances. *Id.*

Whether a driver was going too fast for conditions is generally a question of fact for the jury. *See, e.g.*, *Moore v. Pitt-DesMoines, Inc.*, 538 S.E.2d 155, 158 (Ga. Ct. App. 2000) ("These are speeds that a jury might reasonably find were too fast for special road hazards, conditions, and traffic . . . ."). That's consistent with the ordinary rule in Georgia that "issues of negligence [and] contributory negligence . . . are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner." *Thomas v. CSX Transp., Inc.*, 503 S.E.2d 662, 664 (Ga. Ct. App. 1998) (quotation marks omitted).

Nonetheless, "[n]egligence may not be presumed, but must be affirmatively proven, and in the absence of such proof, we must presume performance of duty and freedom from negligence." *Stokes v. Cantrell*, 520 S.E.2d 248, 251 (Ga. Ct. App. 1999) (quotation marks omitted). And "where the alleged negligent conduct is susceptible to only one [reasonable] inference, the question becomes

a matter of law for the court to determine." *Hendrix v. Sexton*, 477 S.E.2d 881, 882 (Ga. Ct. App. 1996).

Newson contends that the district court erred in granting summary judgment to Hernandez on his negligence claim. In his view, a reasonable jury could find that Hernandez was negligent on three grounds: (1) she was driving too fast for the conditions; (2) she was driving in violation of BSW's rules by having her five-year-old in the cab; and (3) she was driving with a suspended CDL license.

## A.

At the outset, we note that Newson's second and third arguments are not properly before us because they were not raised to the district court at summary judgment. In opposing a motion for summary judgment, "the onus is upon the parties to formulate arguments"; the district court has no burden "to distill every potential argument that could be made based upon the materials before it." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). And "[i]t is well-settled that we will generally refuse to consider arguments raised for the first time on appeal." *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012). We may exercise our discretion to consider such an argument in exceptional circumstances. *See id.* at 1249–50. But we are especially reluctant to consider "fact-bound issues [] that district courts never had a chance to examine." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted).

Here, in opposing Hernandez and BSW's motion for summary judgment, Newson's argument was limited to whether Hernandez acted negligently by "travel[]ing at least [] 63 mph, on a dark, wet, rainy highway," and whether she could have avoided the collision in the exercise of ordinary care. Newson did not argue that Hernandez was negligent for having her five-year-old in the front-seat cab in violation of company policy, or for driving on a suspended CDL license in violation of state and federal law. And "this case is not one of the 'exceptional' ones in which we should elect to entertain a new theory and argument never raised in the district court." *Access Now*, 385 F.3d at 1335. Accordingly, we decline to consider these newly raised arguments for the first time on appeal.

**B.**

Turning to the issues that have been properly preserved, the district court did not err in granting summary judgment to Hernandez and BSW. In Newson's view, it should be up to a jury to decide whether Hernandez, driving a loaded semi-trailer truck, was going too fast for the conditions, when there is evidence that, just before the collision, it was dark and raining and she was coming around a curve but she did not reduce her speed below the speed limit of 65 miles per hour.

We disagree. Summary judgment was still appropriate because "[t]here is no evidence to authorize a finding that, in the exercise of ordinary care, [Hernandez] could have avoided the collision after [she] saw or should have seen that [Newson's truck] had"

jackknifed across the highway. *Stokes*, 520 S.E.2d at 251 (quotation marks omitted); *see also McQuaig v. Tarrant*, 603 S.E.2d 751, 753 (Ga. Ct. App. 2004) (granting summary judgment where "there [wa]s no evidence of anything [the defendant] could have done to avoid the collision"); *Hendrix*, 477 S.E.2d at 466 (granting summary judgment where "[the defendant] could have done nothing else to avoid the oncoming car"). There is no evidence that Hernandez was distracted or failed to apprehend the danger when it first became observable around the curve of the highway. Hernandez provided unrebutted testimony that when she "made the curve, [Newson] was already there," stopped across the highway about 200 feet away, and she started to brake. Hernandez further testified that Newson's truck was blocking the entire roadway, and that she had no "way of escaping."

Newson offers no expert or lay testimony to show that Hernandez reasonably could have either stopped in time or avoided colliding with Newson's jackknifed semi-trailer truck. While he relied on a police-report diagram at summary judgment to argue that the outer lanes on I-75 southbound remained passable, the district court rejected that contention, and Newson has not raised it again on appeal. Plus, as the court noted, the police officer who prepared the report testified consistently with Hernandez that Newson's semi-trailer truck was "stretched across all" of the lanes, or "close to it, to the point where we had to shut down the interstate," and the officer could not identify any evasive action Hernandez could have taken to avoid the collision.

Because Newson has not come forward with evidence that his injuries were "caused by specific acts of negligence of the defendant," *McKissick*, 612 S.E.2d at 828, we affirm the district court's grant of summary judgment in favor of Hernandez.

## IV.

For similar reasons, we also affirm the grant of summary judgment to BSW. Under Georgia law, claims for negligent hiring, training, supervision, and retention are "claims that an employer-defendant breached a legal duty owed to the plaintiff that proximately caused the plaintiff's injury." *Quynn v. Hulsey*, 850 S.E.2d 725, 729 (Ga. 2020). "A claim for negligent retention is necessarily derivative and can only survive summary judgment to the extent that the underlying substantive claims survive the same." *MARTA v. Mosley*, 634 S.E.2d 466, 469 (Ga. Ct. App. 2006); *Eckhardt v. Yerkes Reg'l Primate Ctr.*, 561 S.E.2d 164, 166 (Ga. Ct. App. 2002).

Here, the district court did not err in granting summary judgment to BSW. BSW cannot be vicariously liable because, as we just explained, the record does not support a finding that Newson's injuries were "caused by specific acts of negligence of [Hernandez,]" BSW's employee. *McKissick*, 612 S.E.2d at 828. And because the underlying negligence claim does not survive summary judgment, Newson's "derivative" claim for negligent hiring or retention fails as well. *See MARTA*, 634 S.E.2d at 469.

Nor can Newson establish a causal connection between any negligent training or supervision and his injuries. *See Vaughan*, 526 S.E.2d at 359. Newson has not identified sufficient evidence to

support a finding that the collision could have been avoided by better training or supervision.  So it would be purely speculative to say that BSW's alleged negligence contributed to his injuries.  *See Hinson v. Bias*, 927 F.3d 1103, 1115 (11th Cir. 2019) ("[A]n inference based on speculation and conjecture is not reasonable.") (quotation marks omitted).

In sum, we affirm the district court's grant of summary judgment in favor of Hernandez and BSW.

**AFFIRMED.**